(78 South. 966)

DEAN v. BROWN. (8 Div. 109.)

(Supreme Court of Alabama. May 9, 1918.)

1. CHATTEL MORTGAGES ☞172(2)—DEFENSE —RESCISSION AND FRAUD—STATUTE.

Under Code 1907, § 3791, providing what may be pleaded in detinue by a mortgagee or vendor, in detinue for the recovery of a mare sold to defendant, the defense of rescission of the contract of purchase, for the price of which the mortgage on which the suit was founded was executed, was available to defendant.

2. SALES ☞38(1) — MISREPRESENTATIONS — RESCISSION—STATUTES.

Under Code 1907, § 4298, providing that misrepresentation of a material fact constitutes fraud, where defendant told plaintiff he wanted a gentle horse suitable for a woman to drive, and plaintiff said he had such a horse, and exhibited a mare, representing her to be gentle and suitable for a woman to drive, and defendant, relying on such representations, took the horse and executed a note and mortgage in payment, but plaintiff's representations as to the gentle

201 ALA.—30

character of the horse, etc., were false to his knowledge, defendant, on discovery of the horse's true character, was entitled to rescind his purchase.

3. SALES ☞124—RESCISSION—RESTORATION OF GOODS.

To rescind a sale of goods for fraud or breach of warranty, an offer to return the goods within a reasonable time after discovery of the fraud or breach is as effectual to rescind the contract as if the seller had accepted it.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Suit by Bush Brown against J. A. Dean. From judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Suit in detinue by appellee (plaintiff) against appellant (defendant) for the recovery of certain personal property, including one bay mare, known as the J. A. Pinkard mare.

Defendant pleaded the general issue and some special pleas. Among the special pleas was plea 3, which is in substance as follows: Defendant pleads false and fraudulent representations made by plaintiff to him respecting the disposition and qualities of the said Pinkard mare described in the complaint, for the payment of which mare he executed a promissory note and mortgage to the plaintiff on April 19, 1915, and upon which mortgage this action is founded. Defendant avers that pending negotiations for the purchase of said mare he made known to the plaintiff that he desired to purchase a sound gentle horse that would work in harness to buggy or wagon, and would be suitable for a woman to drive with safety, informing plaintiff that he (defendant) was no judge of horses; that plaintiff represented to defendant that he had a mare that was just such an animal as he described; that subsequently he showed the defendant the Pinkard mare, and represented her to be gentle and mild in disposition, would work to buggy or wagon, in harness or otherwise, and that any woman could drive her with safety. Defendant avers that he relied upon the representations of the plaintiff, and executed the said note and mortgage; that said mare was not gentle or mild, would not work in harness to buggy or wagon, but was in fact wild and refractory, would balk and kick, and was a dangerous animal for a woman to drive; that he immediately, upon discovering the true character of the mare, on the same day of the sale, restored her to the plaintiff. It is further averred that plaintiff was aware of the faults and defects of said mare, and that defendant was not so informed, but relied upon the misrepresentations made by the plaintiff. Defendant upon discovering the true disposition of the mare rescinded his trade, and demanded the cancellation of said mortgage.

There were demurrers to said plea upon the ground that the averments that defendant rescinded the trade were a conclusion of the pleader. There is no averment in said plea

that said trade was rescinded by mutual consent. There is no averment that when said mare was restored to plaintiff plaintiff accepted same. For aught that appears, defendant is now, and has been since the trade was made, in possession of said mare. The demurrer was by the court sustained.

Plea 3 was amended by averring that the defendant was not in possession of said mare, and by adding the words "whereby defendant was induced to execute said mortgage; that said representations were false and known by plaintiff to be false; that, acting upon said false representations, defendant executed said mortgage, and without which he would not have executed said mortgage." The demurrers were refiled to the plea as amended, and said demurrers were sustained.

Upon the conclusion of the evidence in the cause the court gave the affirmative charge in favor of the plaintiff. From this judgment, the defendant prosecutes this appeal.

H. V. Cashin, of Decatur, for appellant. W. T. Lowe, of Decatur, for appellee.

GARDNER, J. [1] By the averments of the third plea the defendant in this action of detinue attempted to set up the defense of rescission of the contract of purchase, for the purchase price of which the mortgage upon, which this suit is founded was executed. This defense was available to the defendant in this action under the provisions of section 3791 of the Code of 1907. McDaniel v. Sullivan & Bramlett, 144 Ala. 583, 39 South. 355.

[2] The averments of fraudulent representations contained in said plea were sufficient. Roddam v. Brown, ante, p. 109, 77 South. 403; § 4298, Code 1907.

In Hayes v. Woodham, 145 Ala. 597, 40 South. 511, it was said:

"An offer to return the horse in a reasonable time, if there was a breach of the warranty or a fraud practiced on the plaintiff, after the breach or fraud was discovered, is equivalent in its effect upon the remedy to an offer accepted by the seller, and the contract is rescinded. In other words, such an offer made within a reasonable time after a discovery of the fraud or breach of warranty was just as effectual to rescind the contract of exchange as if the defendant had accepted it."

And in the same case is the following quotation from Rand v. Oxford, 34 Ala. 476, here pertinent:

"When the purchaser of a chattel, for a sufficient reason, makes a tender of the property to the seller, with a view to rescission, and the seller refuses to receive it, the purchaser may abandon the property; but he is not bound to do so. He may, if he choose, retain the possession; and in that event he is considered merely the bailee of the seller, and that relation becomes at once the rule and measure of his rights and responsibilities."

See, also, Comer v. Franklin, 169 Ala. 573 [53 South. 797]; Moline Jewelry Co. v. Crew, 171 Ala. 416 [55 South. 144]; McCoy v. Prince, 11 Ala. App. 388 [66 South. 950].

[3] We are of the opinion that plea 3 as amended met all the requirements essential to the rescission of the contract of purchase by the purchaser on account of the fraudulent representations by the seller, under the principles announced in the foregoing authorities, and that none of the assignments of demurrer were well taken. By the action of the court in sustaining the demurrer to said plea as amended the defendant was deprived of the defense there sought to be interposed; and that ruling was error, for which the judgment must be reversed.

The few remaining questions will doubtless present no difficulty upon another trial, and are therefore not necessary to be here discussed.

The judgment is reversed, and the. cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.