E. W. Skidmore, of Tuscaloosa, and S. A. Lynne, of Decatur, for appellant.

17 So.2d 164

## MUTUAL SAVINGS LIFE INS. CO. v. BROWN.

### 6 Div. 221.

Supreme Court of Alabama.

Feb. 24, 1944.

Rehearing Denied March 23, 1944.

A. K. Callahan, of Tuscaloosa, for appellee.

BOULDIN, Justice.

Action for refund of premiums paid on life insurance policy.

Sam Brown took out a policy of insurance on his life, with maximum death benefit of $200, with weekly premium of twenty cents. He carried the policy, paying the weekly premiums, a little more than five years. It then lapsed for non-payment of premiums. Within the time for re-instatement of the policy, he made application for re-instatement, or revival, of the policy. In this application he disclosed that at the time he took out the policy he was fifty-three years of age. In his application for the policy at the time it was issued he stated his age to be thirty-eight. Because of misstatement of age, the insured being then beyond the age limit, the insurer declined to revive or reinstate the policy. The insured, thereupon, sued for a return of the monies paid as premiums. The trial court, sitting as a jury, found for plaintiff.

The pertinent provisions of the policy are these:

"2. Revival: Should this policy become void in consequence of non-payment of premiums, it may be revived within one year upon payment of all premiums in arrears and the presentation of evidence of insurability satisfactory to the Company.

"3. Misstatement of Age: In case of mistake or misstatement of age of any of the Insured Lives, the Company will only be liable for the amount payable according to their table at the proper age and in event the proper age exceeds the maximum age of fifty years next birthday, this policy shall be void."

That the insured was fifty-three years of age, and so beyond the age limit, when the policy was taken out, is not questioned.

The insurer insists the insured is not entitled to a return of premiums paid because of fraud in the procurement of the policy.

A question of law and one of fact are raised.

1st. That a misrepresentation of the age relied upon by the insurer resulting in the issuance of a policy to the insured then beyond the age limit, is a misrepresentation of a material fact, and a fraud in law whether such misstatement of age be a mere mistake or made knowingly with intent to defraud; and, in either event, the insured should not recover premiums paid.

2nd. If an actual intent to defraud is essential to a defense, the evidence, disclosing a difference of fifteen years between the age represented and the true age, is so conclusive of such actual intent, that the court was in error in holding otherwise, and the motion to vacate the judgment should have been granted.

We quote from 29 Am.Jur. § 456, p. 378: "The authorities are unanimous in declaring that where a policy was secured by a fraudulent misrepresentation on the part of the insured, he cannot, after the fraud has been discovered and the policy avoided, maintain an action for the return of the premiums paid by him. But where the misstatements made by the insured were not wilfully false, so that there was no fraud on his part, and the policy by its terms was void ab initio, so that the risk never attached, the insured is entitled to a return of the premiums. * * *."

Again from Couch, Vol. 3, § 719: "* * * Thus, even though premiums cannot be recovered where a certificate of insurance was obtained by actual fraud,—that is, where there was a wilful purpose to deceive on the part of the insured,—they may be recovered in all other cases; as, for instance, where the policy is declared void, or is canceled because secured by one above the age limit, by means of an innocent understatement of the age of the insured, not amounting to actual fraud. * * *."

We are impressed this principle, if not a stronger policy, finds expression in our statute.

Title 28, § 7, of our Code reads: "No life insurance company shall contest a claim under any policy of insurance on the plea of fraud or irregularities in application after two annual premium payments have been made on policy, but must pay the full amount of policy within sixty days

after proofs of death have been received at the home office of the company in the United States, and no plea of misrepresentation or fraud in the application shall be filed unless accompanied by a payment into court, for the plaintiff, of all premiums paid on the policy."

We are not concerned with the question of incontestibility as applied to this policy. The final clause of above statute is more than a mere procedural provision. It is expressive of a policy behind the requirement of a tender when a suit is brought on the policy, and the insurer sets up fraud avoiding the policy ab initio. Here the insurer had in effect cancelled or avoided the policy by denying a reinstatement because of the misrepresentation of age leading to issuance of a policy on the life of the insured, who, at the time, was beyond the age limit.

Thus, the insurer asserted the right to avoid the policy under the stipulation that in case of such misstatement of age the policy should be void, never attach as a valid assumption of the risk.

While the age of the insured is a vital factor in life insurance, in the practical conduct of the business insurers find a mistake or misstatement of age does frequently occur. Hence, the age adjustment provisions of this policy.

■■ These industrial policies are often issued to the humbler and untutored insured. We are of opinion the general rules of law quoted from above authorities are sound as applied to the insurance business. While even an innocent misrepresentation of material fact, relied upon to the hurt of the other party, is actionable fraud under general principles now expressed by statute (Code, Title 7, § 108), there is sound reason for holding the party so misled cannot make such misrepresentation the basis for profit on his part.

■ Coming to the question of a wilful misrepresentation with actual intent to deceive, this was a question for the trior of fact under the evidence. The insured, deposed he did not know his age, stated his age as thirty-eight on information from a friend, and gave his age later on further information. We cannot say such divergent statements of age import an actual intent to deceive in all cases. In writing policies of this class, a fraudulent intent may not be imputed because the insured did not take time to ascertain his true age.

The fact that in the application for revival of the policy, he disclosed his true age, is a strong circumstance on the issue of actual fraudulent intent.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.