57 So.2d 616

### HAGOOD v. KNIGHT et al.
### 6 Div. 301.

Supreme Court of Alabama.
March 10, 1952.

M. B. Grace, Birmingham, for appellant.

Gibson, Hewitt & Gibson, Birmingham, for appellees.

BROWN, Justice.

The bill filed by the appellees seeks to rescind the sale of lands made to them by the defendant (appellant) for misrepresentations as to the land by the defendant's agent Kimbrough, who was authorized to point out the lands to them as purchasers; to restrain the defendant from transferring the purchase money, notes and mortgage executed by the complainants for the balance of the purchase money, and for general relief.

The complainants in their bill offer to do equity.

The appeal is from the decree of the equity court overruling the defendant's motion to dissolve the temporary injunction issued on the filing of the bill and overruling the demurrer to the bill.

The bill alleges: "That on towit, the 5th day of June, 1949, there appeared in one of the daily newspapers published and circulated in Jefferson County, Alabama, an advertisement in substance as follows:

" 'For lease or sale between Palmerdale and Pinson on Oneonta paved highway one 4-room house, with 45 acres land. See T. O. Kimbrough or call 3–3581.'

"That in response to said advertisement, complainants contacted the respondent by calling the said telephone number and in such conversation were advised by the respondent relative to the proximate location of such property. Complainants were further advised by the respondent in said telephone conversation that one T. O. Kimbrough could be found by them at the site of the property and that he would show them the property and point out the location thereof.

"3. That pursuant to the directions of the respondent, complainants proceeded to a dwelling on the Oneonta Highway approximately two miles north of Pinson, Alabama, and then and there they found the said T. O. Kimbrough, to whom they had been directed by the respondent. That complainants informed the said T. O. Kimbrough that the respondent had directed them to him in order that he might show them the said property and point out the location and bounds thereof. That the said T. O. Kimbrough, after showing the complainants through the dwelling house, which is located close to the highway, pointed out and designated to the complainants a tract of land which he informed complainants comprised the forty-five acre tract owned by the respondent and which was advertised for sale as aforesaid; which said property extended westerly and northwesterly behind the dwelling house in a solid and unbroken tract.

"4. Complainants aver that being induced by the aforesaid representations as to the location and bounds of such property, and being otherwise without knowledge as to the truth or falsity of such representations, and in the bona fide belief that they were purchasing the property pointed out and designated by T. O. Kimbrough as aforesaid, they entered into a contract of purchase and sale with the respondent on, towit, the 6th day of June, 1949, and paid to the respondent the sum of $500.00 as down payment, and on said date and occasion a deed was delivered to them by the respondent, a true copy thereof being attached hereto, marked Exhibit A and made a part of this pleading by reference. That on, towit, said date the complainants executed to the respondent a purchase money mortgage and a series of promissory notes to secure the unpaid balance of the purchase price recited in said deed, which said mortgage and the remaining unpaid notes are the property of respondent.

"5. That complainants, upon delivery of said deed, moved into a dwelling house which is situated near the Oneonta Highway on a portion of said property, and took possession of and cultivated a part of the land pointed out and designated by the said T. O. Kimbrough as the forty-five acres of land advertised by respondent for sale. That both complainants are and have always been inexperienced and unskilled in the interpretation of legal descriptions and continued in the bona fide belief that the land described in their deed was the tract pointed out by T. O. Kimbrough as aforesaid, and they, in good faith, continued in possession of and were cultivating a part of said land until, towit, the 20th day of October, 1950, when complainants learned through a Deputy Tax Assessor of Jefferson County, Alabama, that the land described in their deed was not a single unit or undivided parcel but in truth and in fact consisted of one elongated tract of approximately twenty-five acres and another separate tract, which at no point is contiguous to the first tract, consisting of approximately twenty acres, which said second tract is entirely surrounded by privately owned land of other persons, over which complainants have no right to a way of ingress or egress.

"Complainants after occupancy of the aforesaid premises, and before learning that the property described in their deed was other than as pointed out and designated by the said T. O. Kimbrough, went to great trouble and expense in and about improving said place by means of boring a well, painting the house, installing a butane gas system, and fixing the driveway.

"6. That complainants upon learning, as aforesaid, that the deed executed and delivered by the respondent did not describe the land pointed out and designated to them by T. O. Kimbrough as aforesaid notified the respondent that they rescinded

the aforesaid contract of purchase and sale, and requested of him that an accounting be had between the parties, having consideration for the value of the use and occupancy of the aforesaid premises by the complainants and for the value of the above mentioned improvements done and installed by the complainants. That respondent has denied complainant's right to a rescission of said contract and has failed and refused to account with complainants as aforesaid. * * *"

The appellant's major contentions are that the facts alleged are insufficient to show that the appellant was legally responsible for the acts of Kimbrough in misrepresenting the location of the land as being in one body adjacent to the residence; that the complainants did not act promptly to disaffirm the sale, and that the bill does not allege what steps were taken to effect a rescission of the contract.

 It is familiar law that "he who affirms either what he does not know to be true, or knows to be false, to another's prejudice and his own gain, is, both in morality and law, guilty of falsehood and must answer in damages." Munroe v. Pritchett, 16 Ala. 785, 50 Am.Dec. 203; Harton v. Belcher, 195 Ala. 186, 70 So. 141.

The principal is liable for the agent's fraud, tort or negligence committed without the principal's participation or consent while acting within his authority. Gulf Electric Co. v. Fried, 218 Ala. 684, 119 So. 685; Cartwright v. Braly, 218 Ala. 49, 117 So. 477; Berry v. Wooddy, 16 Ala. App. 348, 77 So. 942.

The bill alleges that the fraud was not discovered until October 20, 1950 and the complaint was filed April 4, 1951, within a year after the discovery of the fraud. These allegations fully meet said contentions. Acquiescence involves actual or imputable knowledge. A person cannot be said to be guilty of laches until he has knowledge of the facts which entitles him to relief and thereafter manifests a want of diligence in asserting his rights. Union Cemetery Co. v. Jackson, 188 Ala. 599, 605, 65 So. 986; Dean v. Brown, 201 Ala. 465,

78 So. 966. The misrepresentation alleged in the bill is sufficient to authorize rescission of the contract superinduced thereby. Code of 1940, Tit. 7, § 108; Glenn v. City of Birmingham, 223 Ala. 501, 137 So. 292; 30 C.J.S., Equity, § 47, page 374; Perry v. Johnston, 59 Ala. 648; Hafer v. Cole, 176 Ala. 242, 57 So. 757.

The granting of the temporary injunction to maintain the status quo was justified by the averments of the bill and the motion to dissolve was denied without error. McCormick v. Fallier, 223 Ala. 80, 134 So. 471; Meredith v. Drennen Motor Car Co., 224 Ala. 84, 139 So. 267.

We discover no error on the record. Affirmed.

FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.