155 So.2d 339

Sam S. BARRETT et al.

v.

J. P. HANKS, Jr.

7 Div. 573.

Supreme Court of Alabama.

June 20, 1963.

Scott & Scott, Fort Payne, for appellants.

Beck & Beck, Fort Payne, for appellee.

LIVINGSTON, Chief Justice.

Appellants' statement of the case, as set out in their brief, is sufficiently accurate to present all pertinent questions, and we set it out as follows:

Suit was filed by the appellants on August 8, 1960, on general counts claiming $5,670 by two checks given by the defendant to the plaintiffs as down payment on a house and tract of land. The complaint also contained counts suing for the amount due under a "bad check" and the statutory penalty provided by Act No. 567 of the 1959 Alabama Legislature. Demurrers were sustained, and the plaintiffs amended the complaint on

March 8, 1961. The demurrers were reassigned, and on March 15, 1961, were overruled. On April 18, 1961, the defendant filed eight pleas which were demurred to by the plaintiffs, and the said demurrers were overruled. On April 18, 1961, the testimony was taken before the court without a jury and submitted to the court and taken under advisement. The said trial was held under the defendant's pleas of general issue and fraud and general replication and statute of frauds by the plaintiffs (appellants). The plaintiffs were given leave by the court to file additional common counts, and the defendant was given leave to file further pleas in the nature of estoppel. On May 8, 1961, the plaintiffs filed the additional counts to which the defendant reassigned demurrers which were overruled. Also, on May 8, 1961, the plaintiffs moved the court to have their testimony in the cause transcribed, which motion was granted and the testimony transcribed by the reporter. On May 17, 1961, the defendant filed additional pleas in the nature of accord and satisfaction as well as estoppel, to which the plaintiffs filed a motion to strike, which was overruled. The plaintiffs' original demurrers were reassigned to the pleas as amended and were overruled. On July 5, 1961, additional testimony was taken under the complaint as amended, and the pleas of the defendant as amended were replications by the plaintiffs identical to their replications in the first trial of the cause. On July 25, 1961, the court rendered a judgment finding the issues in favor of the defendant. On August 23, 1961, the plaintiffs filed a motion for a new trial, which motion was presented to the court on said day and set for hearing on the 5th day of September, 1961, with stay of execution granted in the said order. On September 5, 1961, the cause was continued until September 16, 1961, at which time the court entered an order overruling the motion. On January 25, 1962, this appeal was taken.

The original complaint, consisting of three counts, was based on an act of the Legislature of Alabama, Act No. 567, approved Nov. 19, 1959, as shown by the Recompiled Code of Alabama 1958, Pocket Part, as Sec. 53(1), Title 39, as follows:

"The holder of a worthless check, draft, or order for the payment of money shall have a right of action against the person who unlawfully made, uttered, or delivered the same to him or to his endorser. And such action may be maintained though there has been no prosecution or conviction or acquittal of the defendant for his unlawful act. Such action must be brought within one year from the date of the unlawful act. The plaintiff in such action may recover such damages, both punitive and compensatory, including a reasonable attorney fee, as the jury or court trying the case may assess."

This complaint was later amended, additional pleas filed, with the rulings on demurrers, motions to strike, as indicated above.

There is no conflict in the evidence as to the following facts:

Appellants (plaintiffs below) undertook to sell a house and lands located in DeKalb County, Alabama, to J. P. Hanks, Jr., the appellee, and received from the appellee two checks drawn on a Miami, Florida, bank. The first check was dated July 13, 1960, in the amount of $1700, and was given as "good faith money" pending the final closing of the sale. The second check for $3970 was given three days' later and represented the balance of the down payment not covered by the first check.

Appellants executed and delivered a warranty deed, and the appellee in return executed to them notes and a mortgage to secure the balance of the purchase price, and took possession of the premises.

Shortly after appellee and his family took possession of the premises, they ran out of water. The water supply came from a deep well which was located in and under the house itself. Because of its location, it was not possible to drill it deeper without severe damage to the house itself.

Appellants after receiving the checks in question deposited them in the bank in Valley Head, Alabama. They were duly presented at the drawee bank in Miami and returned because of improper endorsement. Before the checks were again presented to the bank, appellee discovered the alleged fraud concerning the water supply and stopped payment on the checks; thus, the drawee bank refused to pay them.

It is uncontroverted that at all times the appellee had a balance in excess of $10,000 in the account on which the checks were drawn.

The real controversy arises over what was said by the seller and the buyer with reference to the water supply. The testimony on that question is in conflict.

Appellee testified that Mr. Barrett, one of the appellants, told him there would be sufficient water in the well to satisfy his needs. Appellee admits that Mr. Barrett told him that a third party could tell him about the well, but further testified that he relied on Mr. Barrett's assurance that it was sufficient and sought no outside information.

Mr. Barrett, one of the appellants, testified that at the time of the conversation about the water supply before Mr. Hanks bought the house, that he, the appellant, told the appellee that you couldn't water the grass from the well.

There is other conflicting evidence as to the adequacy of the water supply, but it would serve no useful purpose to go into a detailed discussion of the evidence.

After the appellee moved out of the house, he sent appellant a warranty deed to the property and a money order for all the expenses which the appellant had incurred in the sale. These were delivered to the appellants by the Sheriff of DeKalb County.

Appellants filed 31 assignments of error, most of which are concerned with rulings on demurrers and motions to strike.

The case is due to be affirmed for more than one reason.

None of the assignments of error are mentioned in brief. Supreme Court Rule 9, Code 1940, Appendix, provides that both the propositions of law and the argument in appellant's brief be with respect to the errors assigned, and this court has consistently held that if this requirement is not met the case can be affirmed. Dudley Brothers Lumber Co. v. Long, 268 Ala. 565, 109 So.2d 684; Bolton v. Barnett Lumber & Supply Co., 267 Ala. 74, 100 So.2d 9; Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465.

As stated in the Bolton case, supra, an order of affirmance might, with justification, be entered for insufficient compliance with Supreme Court Rule 9. It is also axiomatic that those assignments of error not argued are waived. Supreme Court Rule 9, supra; Neumiller v. Jenkins, 270 Ala. 231, 117 So.2d 402; State v. Farabee, 268 Ala. 437, 108 So.2d 148; McGehee v. Frost, 268 Ala. 23, 104 So.2d 905; Talbot v. Braswell, 266 Ala. 578, 98 So.2d 7.

Having mentioned no assignments of error in brief, they must be considered to be argued in bulk. Where several unrelated assignments of error are grouped and argued together in brief, and one is found to be without merit, the court will not consider the others. Bolton v. Barnett Lumber & Supply Co., supra; First National Bank of Birmingham v. Lowery, 263 Ala. 36, 81 So.2d 284; Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645; Moseley v. Alabama Power Co., 246 Ala. 416, 21 So. 2d 305; Sovereign Camp, W. O. W. v. Davis, 242 Ala. 235, 5 So.2d 480; Morgan-Hill Paving Co. v. Thomas, 223 Ala. 88, 134 So. 480. From these authorities, it is clear that this Court would be justified in not considering any of appellants' assignments of error. But here, as in the Bolton case, supra, even though the brief is not in compliance with the rule, it fairly and helpfully makes the points upon which ap-

pellants rely, and we will exercise our discretion and consider it.

■ It is well established that misrepresentation of a material fact will authorize a rescission of a contract of sale. Dean v. Brown, 201 Ala. 465, 78 So. 966; Hafer v. Cole, 176 Ala. 242, 57 So. 757; Kilby Locomotive Works v. Lacy & Son, 12 Ala.App. 464, 271, 67 So. 754. Appellee testified that he would not have purchased the property had he been informed as to the condition of the well. There is also adequate evidence from which the trial judge could have found that appellants had knowledge of the condition of the well and water supply, although this is not an essential element of fraud under Secs. 108 and 109 of Title 7, Code of 1940. Mutual Savings Life Ins. Co. v. Brown, 245 Ala. 423, 17 So.2d 164; Greil Bros. Co. v. McLain, 197 Ala. 136, 72 So. 410; Mutual Savings Life Ins. Co. v. Osborne, 32 Ala. App. 220, 23 So.2d 864.

■ The trial judge in this case heard the evidence ore·tenus, and the court's decision in such cases will not be reversed on appeal unless it is palpably erroneous. Murphree v. Campbell, 266 Ala. 501, 97 So.2d 892; Alabama Pecan Development Co. v. Case, 266 Ala. 471, 97 So.2d 537; Wood v. Wood, 263 Ala. 384, 82 So.2d 556. It is sufficient to say here that there was ample evidence to support a finding of fraud by the trial judge, thus making appellee's plea a complete bar to appellants' right of recovery.

Having resolved this issue in favor of the appellee, it is not necessary to consider the question of accord and satisfaction, or the failure of consideration, since they could in no way affect the final result of the case.

The decision of the court below is due to be, and is, affirmed.

Affirmed.

GOODWYN, J., concurs.

LAWSON and COLEMAN, JJ., concur in the result.