179 So.2d 83

**G. W. BURCH**

v.

**SOUTHEASTERN SAND & GRAVEL COMPANY.**

**6 Div. 17.**

Supreme Court of Alabama.

Sept. 30, 1965.

R. B. Jones, Birmingham, for appellant.

Frank H. McFadden, Macbeth Wagnon, Jr., and Bradley, Arant, Rose & White, Birmingham, for appellee.

PER CURIAM.

The suit here for review was filed by plaintiff (appellee) to recover of defendant (appellant) the physical possession of some road building equipment and also money alleged to be due by account. Count I of the complaint is in detinue, Count II is on account, and Count III for money due under a chattel mortgage. The jury returned a verdict for plaintiff under Counts I and II.

The court thereupon entered a proper judgment on Count I for the property described in the jury's verdict or its alternate value as fixed by the jury; also for the amount of damages that the jury awarded on Count II of the complaint. The appeal here is from these judgments.

In aid of the pending suit, plaintiff procured a writ of garnishment which was duly served, answer filed by the garnishee admitting indebtedness, and pursuant to an order of court the amount admitted to be due was paid into court. The garnishee was released *pro tanto*.

Whereupon defendant filed his motion to release a portion of these funds to his use. Plaintiff moved to strike the motion to release the funds. The motion to strike was granted on the ground that the same was moot, and on the further ground that the defendant had waived any right to obtain relief by joining in a request to amend the order of January 14, 1963, to pay the money into court. From this action of the court in striking the motion to release the defendant filed no proceedings here to review independent of this appeal. The action of the court is here assigned as error.

◼ The transcript of the evidence here on file in this appeal contains between 550 and 600 pages. Appellant's brief under Statement of Facts contains three and one-half pages of legal size paper. This statement does not pretend to set out a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of

the transcript. Rule 9(b), Revised Rules of the Supreme Court, 261 Ala., Preface, pp. XIX, XXII; Rule 9(b), Revised Rules of the Supreme Court, Title 7, Appendix, Recompiled Code of Alabama 1958. The statement refers to only twenty pages of the transcript

It seems that appellant selected some of the evidence appearing on the twenty pages referred to and ignored the remainder, leaving this court to cast about in the record to find the rest of the evidence pertaining to the issue, or else burden appellee with the duty of narrating and citing the evidence—a duty that Rule 9, supra, places on appellant.

■ We further call attention to the fact that there are thirty-nine assignments of error, including one that the court erred in overruling appellant's motion for a new trial that has fifty-four grounds. Nowhere in appellant's brief does he specify by number any assignment of error or mention any by name except one that the trial court erred in overruling the motion for a new trial. Not once does he refer by number or name to any ground of the motion for a new trial. He leaves it to this court to ferret out the assignment of error or the ground of the motion for a new trial and apply the argument he makes in his brief. He shifts the burden to this court that Rule 9, supra, places on him.

■ Appellant complains in his argument that the jury in rendering judgment on Count II failed to credit him with the value of some equipment that appellee repossessed independent of the detinue count. This alleged omission is presented in appellant's motion for a new trial.

In support of this contention, appellant attached to his motion for a new trial photocopies of several sheets of paper (largely unintelligible to us) that he and his attorney retrieved from a wastepaper basket in the jury room. The rescue was effected right after the jury vacated the room to return its verdict.

We are frank to say that after carefully examining each of these (photocopy) sheets, which the jury could have used to do some figuring while deliberating, we cannot say what the jury considered. They had the opportunity to consider other evidential factors that were not included in the figures appearing on the sheets. A general statement or contention in appellant's brief that the jury only considered credit for seven pieces of equipment instead of eleven is quite inadequate.

■■ We again direct attention to the fact that this appeal is from the judgments on Count I (detinue) and Count II (on account). Any assignment of error seeking here to review the action of the trial court in striking appellant's motion to release a portion of the money levied on by the writ of garnishment is not pertinent or germane to this appeal. Even if the trial court was in error in striking the motion to release a portion of the money held by the garnishee, we would not be justified because of such error in reversing and remanding the judgments entered, pursuant to the jury verdict, on Counts I and II of the complaint. Such ruling of the trial court on the motion to release does not affect these judgments. Appellant is entitled to review, when properly presented, only rulings of the trial court that pertain to or affect the judgments from which this appeal was taken.

■ Appellant cites only three propositions of law as supporting his appeal. Proposition I deals with the right to foreclose on the chattel mortgage; Proposition II refers to exemptions from execution, attachment and garnishment (above mentioned); while Proposition III asserts there is no presumption of correctness of the trial court's ruling on a motion for a new trial when there is no consideration of the weight and preponderance of the evidence. Nowhere does appellant seek to apply these propositions to any specific assignment of error, nor do the propositions themselves refer specifically to any as-

-signments. Neither does appellant pretend to apply his arguments to specific as-signments of error.

We held in Schneider v. Southern Cotton Oil Co., 204 Ala. 614, 615, 87 So. 97(1), 98:

"* * * The brief for appellant states some general propositions, making no specific application to the rulings assigned for error. * * * Likewise * * *; and, in any case, this court cannot be put in search of error not specifically assigned and argued in brief. * * *"

We also held in Barrett v. Hanks, 275 Ala. 383, 385, 155 So.2d 339 (1), 342:

"None of the assignments of error are mentioned in brief. Supreme Court Rule 9, Code 1940, Appendix, provides that both the propositions of law and the argument in appellant's brief be with respect to errors assigned, and this court has consistently held that if this requirement is not met the case can be affirmed. * * *"

We also pointed out in Dudley Brothers Lumber Co. v. Long, 268 Ala. 565, 109 So.2d 684(1, 2):

"* * * Where a brief does not direct the attention of the court to what is deemed error, an appellate court is not required to search the record and cast about for errors not clearly specified in the brief. Morton v. Clark, 10 Ala. App. 439, 65 So. 408."

Again, in Suits v. Glover, 260 Ala. 449, 71 So.2d 49(2), 43 A.L.R.2d 465, we repeated from Schneider v. Southern Cotton Oil Co., supra, as follows:

"And the brief is insufficient which makes some general propositions but which fails to make specific application to the rulings assigned as error, as the Court cannot be put to a search for error not specifically assigned and argued in brief."

See also Shelby County v. Hatfield, 264 Ala. 488, 88 So.2d 842(1, 2).

Under the circumstances, the judgment of the trial court is due to be affirmed. It is so ordered.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL, COLEMAN and HARWOOD, JJ., concur.