270 So.2d 812

**Cleo Lucille ADAY**

v.

**Buford W. ADAY.**

**Civ. 46.**

Court of Civil Appeals of Alabama.

Dec. 20, 1972.

Bryce U. Graham, Tuscumbia, for appellant.

Murray W. Beasley, Tuscumbia, for appellee.

HOLMES, Judge.

The appellant has appealed from a decree in a divorce proceeding.

The trial court heard testimony *ore tenus*. The transcript of testimony is set out on approximately eighty-five transcript pages and there were some eleven exhibits received in evidence.

Appellant's entire brief consists of the following:

"STATEMENT OF THE CASE

"This is a case where the Appellee, Buford W. Aday, filed a bill of complaint against the Appellant, Cleo Lucille Aday, seeking a divorce on the grounds of incompatibility as set out in the bill of complaint.

"The Court proceeded to hear the case on the merits on oral testimony submitted before the Judge as set out in the transcript. Among other things, the Court granted a divorce to the Appellee as set out in the decree. The Appellant thereafter gave timely notice of appeal from the Court's decree and assigned errors as set out in the record on appeal.

"This brief and argument is hereby submitted in behalf of the Appellant.

"ARGUMENT IN SUPPORT OF APPELLANT'S POSITION

"This is simply a case where the evidence, when taken together, in its entirety, and fairly and reasonably construed by the Court of justice clearly fails to make out a case justifying the trial court's granting a divorce to the husband against the wife. As the evidence shows, the Appellee, husband and Complainant, Buford W. Aday, is the party who brought about through his own wrongful and immoral conduct, the marital disruptions between the parties hereto. The Appellant, Cleo Lucille Aday, made every possible effort to keep this marriage intact. Her conduct and behavior as shown by the testimony in the case, from a reasonable and moral standpoint, is exemplory [sic]. The Appellee, by the Court's decree has been rewarded for his own misconduct.

"Respectfully submitted,

/s/   Bryce U. Graham
Bryce U. Graham,
Attorney for Appellant

"CERTIFICATE OF SERVICE

"I, Bryce U. Graham, attorney of record for the Appellant, hereby certify that I have this day mailed a copy of the foregoing brief to Hon. Murray W. Beasley, attorney for the Appellee, post-

age prepaid and properly addressed. This the _7_ day of December, 1972.

"/s/ Bryce U. Graham
Attorney for Appellant"

The appellee, in brief and motion to dismiss appellant's brief, cites appellant's failure to comply with Supreme Court Rule 9, Revised Rules of the Supreme Court of Alabama.

Assignments of error, as revealed by the record, are as follows:

"I.

"The decree granting a divorce to the Appellee is not supported by the evidence and there is no evidence to justify the Court's order granting a divorce unto the Appellee. (T. pp. 94 & 95.)

"II.

"The lower Court erred in granting a divorce to the Appellee since there is no evidence in this case to support such decree. (T. pp. 94 & 95.)

"III.

"The Court erred in granting a divorce to the Appellee because such decree is against the great weight and preponderance of the evidence in this case. (T. pp. 94 & 95.)"

As seen from the above, there is no statement of facts containing a condensed recital of the evidence given by each witness in narrative form as required by Supreme Court Rule 9 where the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned as error. Indeed, there is a complete absence of such statement of facts. In pertinent part Supreme Court Rule 9 recites:

"Appellant's brief under separate headings shall contain: . . . (b) un-

der the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; . . ."

In brief, as seen above, appellant expressly argues that:

"This is simply a case where the evidence, when taken together, in its entirety, and fairly and reasonably construed by the Court of justice clearly fails to make out a case justifying the trial court's granting a divorce to the husband against the wife. . . ."

This is clearly an assertion that the evidence is insufficient to support the finding of the trial court. In this circumstance, the appellant's brief is required to contain a condensed recital of the evidence given by each witness as provided by Rule 9.

The Supreme Court, in October 1972, in Reynolds v. Burkhalter, Ala., 268 So.2d 802, said:

" 'We have held that if there is a failure to comply with Rule 9 (old Rule 10), there is, as a consequence, a failure to insist upon errors assigned; and that the failure to insist upon errors assigned is a waiver and an abandonment of them. Wilson v. Mc-Clendon, 259 Ala. 382, 383, 66 So.2d 924; Morgan County v. Hill, 257 Ala. 658, 659, 60 So.2d 838; Alabama Power Co. v. Thompson, 250 Ala. 7, 10, 32 So.2d 795, 9 A.L.R.2d 974; Louisville & Nashville R. R. Co. v. Holland, 173

Ala. 675, 694, 55 So. 1001, 1008.'
Mothershed v. Mothershed, 274 Ala.
528, 530, 150 So.2d 372, 373.

"This court has held in numerous cases that a failure to comply with Rule 9, when insufficiency of the evidence to support the finding is relied on by appellant, requires affirmance. See: Case v. Ward, 276 Ala. 242, 160 So.2d 859; Burch v. Southeastern Sand & Gravel Company, 278 Ala. 504, 179 So.2d 83; Zanaty v. Hagerty, 280 Ala. 232, 191 So.2d 516; Beck v. Beck, 286 Ala. 692, 246 So.2d 420. The reason for the rule has been stated as follows:

" ' ". . . 'It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact. It is not the province of a reviewing court to search the record in order to ascertain whether it contains evidence that will sustain a contention made by either party to the appeal. [Citing cases.] Where an appellant claims that some particular issue of fact is not sustained by the evidence, he is required to set forth in his brief all of the material evidence on the point and not merely his own evidence. If this is not done, the error assigned is deemed waived.' . . ." Slovick v. James I. Barnes Construction Co., 142 Cal.App.2d 618, 298 P.2d 923, 927.' Standard Oil Co. v. Johnson, 276 Ala. 578, 588, 165 So.2d 361."

We are therefore of the opinion, not only for the above discussed, but for a complete noncompliance with Rule 9, the decree appealed from is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.