FAULKNER, Justice.
Goforth appeals from an order denying his motion for new trial after the trial court granted Hallmark’s motion for a directed verdict. We affirm.
In May, 1976, John Goforth responded to a newspaper ad reading: “Hallmark Fiberglass Pools ... A. J. Gibbs — Dealer, 442-2119.” At Goforth’s request, Gibbs came to the Goforth home, bringing with him advertising materials, pool plans, and a Hallmark film narrated by a cassette tape. On May 31, after Goforth had examined some local pools installed by Gibbs, he entered into a contract with Gibbs to install a pool. The contract was executed on a Hallmark form. The contract price was $6,717.00. Goforth had paid $3,348.00 when Gibbs disappeared. After making several unsuccessful attempts to locate Gibbs, Goforth contacted Hallmark. It refused to help. On December 15, he sued Hallmark in a complaint alleging breach of contract and fraud. He subsequently amended by adding counts in negligence and agency by estoppel. The case went to trial before a jury, and at the conclusion of Goforth’s evidence, on motion, the trial court directed a verdict for Hallmark.
The principal issue to be decided is whether there was a scintilla of evidence on the question of agency by estoppel that would provide a basis for submitting the case to the jury. Goforth contends that there was. We disagree. Even though the contract that Goforth signed specifies “a Hallmark Pool,” the named contractor was A. J. Gibbs. Nothing in the contract indicates that Gibbs signed the contract in an agency capacity. Second, the newspaper ad that Goforth answered clearly stated that Gibbs was a dealer. Moreover, the agreement that Gibbs signed with Hallmark Pool Corporation named him as a dealer. Third, the Hallmark Pool came in a so-called kit to be assembled and installed by Gibbs on the owner’s property. Fourth, Gibbs paid for the pool kit in cash when it was shipped to him by Hallmark. And finally, while the sales pitch was Hallmark’s, that is, the film, the cassette, and brochure, the narration describing the Hallmark pool said, “Hallmark Dealers are respected independent business people from your area.”
A party who invokes estoppel must have in good faith been ignorant of the true facts at the time the representation was made to him and at the time he acted on it. And, he must show that he acted with diligence to learn the truth. Pattillo v. Tucker, 216 Ala. 572, 113 So. 1 (1927). Moreover, this Court stated in Birmingham News Company v. Birmingham Printing Company, 209 Ala. 403, 96 So. 336 (1923):
“Estoppel,” by holding out another as the agent of the asserted principal, “is always a matter personal to the individual asserting it and he must therefore show that he was misled by the appearances relied upon. It is not enough that he might have been * * * so misled. It must also appear that he had reasonable cause to believe that the authority existed; mere belief without cause, or belief in the face of facts that should have put him on his guard is not enough.”
See also Union Oil Company of California v. Crane, 288 Ala. 173, 258 So.2d 882 (1972).
We are unable to find where Goforth was misled or where he had reasonable cause to believe that Gibbs was acting for Hallmark.
The order of the trial court denying Go-forth’s motion for new trial is affirmed.
AFFIRMED.
TORBERT, C. J., and ALMON, EMBRY and ADAMS, JJ., concur.