The plaintiff (Hayes International Corporation) sued the defendant (Angus Oliver) for money paid by mistake. The defendant counterclaimed. The trial court, after both parties rested, granted plaintiff's motion for a directed verdict and entered a judgment for $7,429.40.
The defendant, through able counsel, appeals, contending the trial court erred in excluding (by a motion in limine) evidence on his counterclaims and in granting plaintiff's motion for directed verdict, thereby rejecting defendant's estoppel, laches, mutuality, and waiver defenses.
We find no error requiring reversal and affirm.
The record reveals the following facts:
The defendant had worked for Hayes International since 1962, first cleaning parts and then later as shop manager. The defendant, who is sixty-seven years old, retired from Hayes in 1982 after some twenty years of service.
Hayes paid the defendant weekly, by a computer-issued check which was mailed to defendant's home address. Oliver was *Page 804 
paid by the hour, receiving time-and-one-half, double time, and triple time for overtime, Sunday, and holiday work, respectively.
In 1979, Oliver received checks totaling $11,103.11. In 1980, the checks totaled $12,572.95. In mid-1981, Oliver's pay scale was raised from $6.71 per hour to $7.31 per hour; however, his total pay for that year almost doubled to $23,008.56. John M. Summerford, who as treasurer of Hayes was responsible for the issuance of pay checks, testified that $11,128.00 of this amount was overpayment made by computer error. Summerford testified that in addition to the amounts properly due the defendant by applying his hourly rates to hours worked each week, the computer added into the defendant's check an extra $214.00 per week during all of 1981. Summerford testified that of the 3200 to 3500 Hayes employees, Oliver was the only person whose check was misdrawn and that the company had researched the computer error, but was unable to explain its origin.
By the time Oliver retired in early 1982, Hayes had discovered the error and had, apparently to no avail, asked Oliver to repay the $11,128.00. At that time, the company still owed Oliver two checks totaling $1,336.91, part of this amount representing vacation pay earned under the union contract but not yet paid. The company withheld the two checks as a credit against the repayment it contended it was due from Oliver. It also credited against the overpayment $2,361.69 in excess withholding taxes, which it apparently did not remit to the Internal Revenue Service, to reduce the amount allegedly due from Oliver to $7,429.40.
Oliver, who had dropped out of school before finishing the third grade and who could not read anything other than his name, testified at trial that both he and his wife realized something was wrong with his check from the first pay period of 1981 because the net pay exceeded the gross pay by five dollars. Oliver brought this to the attention of a Billy Myers who sent for Oliver to come to the office and who had a replacement check issued.
After Mr. Myers corrected the check for the first pay period of 1981, Oliver never brought another check to the company's attention, as the following testimony established:
 "Q [Defendant's attorney] After you complained to Mr. Billy Myers on that first occasion about your check being wrong and you said he kind of laughed at you, did you make any further complaints about your check being correct or incorrect?
 "A [Defendant] No sir. I didn't know whether to go back there or not.
"Q Why is that, Angus?
 "A Because, see, you are not allowed to talk to the main bossmen there.
 "Q They have got a system you have to go through to get to talk to those people?
"A Yes.
 "Q Well, didn't you attempt to follow that system to find out if any of your checks were right or wrong?
"A Well, wasn't no way to find out."
Hayes International filed its complaint against Oliver on May 10, 1982, seeking to recover the $11,128.00. (On the date of trial, plaintiff reduced its demand to $7,429.40 to reflect the credits discussed above.) Oliver filed an answer raising the defenses of equitable estoppel, laches, no mutuality of mistake, and waiver. He also counterclaimed, alleging that plaintiff converted to its own use $2,361.69 originally withheld for payment to the Internal Revenue Service as taxes from the defendant's check and $643.20 which defendant was due as vacation pay, regular wages, and overtime.
On the date of trial, the trial court judge granted Hayes's motion in limine which sought to exclude defendant's evidence on the conversion of the withholding taxes counterclaim and the counterclaim which alleged conversion of the $643.20 allegedly due the defendant for vacation pay and wages. Then, after both plaintiff and defendant *Page 805 
were given the opportunity to present evidence, the trial judge granted plaintiff's motion for a directed verdict and dismissed defendant's counterclaims.
Under Alabama law, more specifically the principle of unjust enrichment, one may recover money paid to another under mistake of fact, even if the payor could have discovered the proper facts but was not diligent in doing so. See, e.g., Sherrill v. FrankMorris Pontiac-Buick-GMC, Inc., 366 So.2d 251, 257 (Ala. 1978). This the defendant does not question. However, as set out above, the defendant contends that the trial court erred in 1) rejecting defendant's counterclaims and 2) not allowing the jury to consider the defenses of estoppel, laches, mutuality of mistake or waiver.
As discussed above, the trial court granted plaintiff's motionin limine, thereby excluding all defendant's evidence on the counterclaim alleging conversion of the $643.20 vacation pay and regular wages check due defendant.
Plaintiff's arguments given on appeal to support exclusion of evidence on the conversion of the paycheck counterclaim are premised upon the technical definition of conversion and the recent Alabama Supreme Court case of McCain v. P.A. PartnersLtd., 445 So.2d 271 (Ala. 1984). In that case the supreme court held that a not yet delivered paycheck could not support an action for conversion because 1) conversion requires the wrongful detention of property in which another has a general or special property right or an immediate right of possession, and 2) a negotiable instrument, such as a paycheck, has no valid existence until it has been delivered. As the allegations of the instant case come squarely within the McCain ruling, they do not support a conversion counterclaim.
On plaintiff's motion in limine the trial court also excluded evidence on defendant's counterclaim that plaintiff converted to its own use amounts withheld from defendant's check as withholding taxes. On appeal, plaintiff relies upon Chandler v.Perini Power Constructors, Inc., 520 F. Supp. 1152 (D.N.H. 1981), to support exclusion of all evidence regarding money withheld by an employer from an employee's paycheck for federal income taxes. The employee/plaintiff in Perini also sued his employer for conversion, seeking to recover amounts deducted from his wages, but his complaint was dismissed. In that action the trial court reasoned that 1) the Anti-Injunction Act, 26 U.S.C.A. § 7421 (a) (West Supp. 1984), prohibits taxpayers from bringing suits to restrain the collection of taxes and 2) that suits by employees against employers based upon taxes withheld are statutorily barred by 26 U.S.C.A. § 3403 (West 1979). Cf. United StatesFidelity Guaranty Co. v. U.S., 201 F.2d 118, 119 (10th Cir. 1952) (amount withheld from employee's wages is allowed to him as a credit on his tax liability even though the employer fails to remit such amount to the government). After having consideredPerini, this court finds its reasoning applicable to the case at hand.
We would note that although motion in limine practice is available in Alabama, see, e.g., Acklin v. Bramm, 374 So.2d 1348
(Ala. 1979), plaintiff apparently used the motion in a way not commonly contemplated, that is, like a 12 (b)(6) or summary judgment motion to test the sufficiency of the defendant's counterclaims. See generally Gamble, The Motion In Limine: A Pretrial Procedure That Has Come of Age, 33 Ala.L.Rev. 1 (1981). Even though this would seem to be an unusual use of the pretrial procedure, we find no reversible error in the trial court's action, as the evidence on defendant's counterclaims was rendered irrelevant by McCain and Perini, and as one of the motion's purposes is to foster judicial economy by shortening trial and simplifying issues where possible. Id. at 9.
The final issue is whether the trial court properly granted plaintiff's motion for a directed verdict, thereby withdrawing from the jury's consideration defendant's defenses of estoppel, laches, no mutuality of mistake, and waiver. After having compared *Page 806 
the evidence presented with the elements of each of these defenses, we find that the defendant failed to produce a scintilla of evidence on at least one element of each defense.
Equitable estoppel has been discussed frequently in Alabama case law. See, e.g., Goforth v. Hallmark Pools, 393 So.2d 989
(Ala. 1981); Mazer v. Jackson Insurance Agency, 340 So.2d 770
(Ala. 1976); Duncan v. Johnson, 338 So.2d 1243 (Ala. 1976); Iveyv. Dixon Investment Co., 283 Ala. 590, 219 So.2d 639 (1969); Bankof Huntsville v. Witcher, 336 So.2d 1384 (Ala.Civ.App. 1976). The following recital of the elements of estoppel is taken from ourWitcher case, id. at 1387:
 "(1) knowledge of the facts by the party to be estopped; (2) intention by the party to be estopped that its conduct be acted upon, or such party acts so that the party asserting estoppel has a right to believe that the conduct is so intended; (3) ignorance by the party asserting estoppel of the true facts; and (4) injurious reliance by the party asserting estoppel on the conduct."
Defendant's testimony, as outlined above, did not establish that Hayes had knowledge of any paycheck irregularities other than that found in Oliver's check for the first pay period of 1981. Second, there was no evidence that Hayes acted with the intention or reasonable expectation that Oliver accept the $214 surplus as correct. See Mazer v. Jackson Insurance Agency,340 So.2d 770, 774 (Ala. 1976). Finally, by his own admission, Oliver was not ignorant of the true facts or, alternatively, did not act with due diligence to ascertain the truth. See Ivey v. DixonInvestment Co., 283 Ala. 590, 594, 219 So.2d 639, 643 (1969). Accordingly, the estoppel defense was properly rejected by the trial court.
We likewise find that the laches defense is without merit. The Supreme Court of Alabama made the following pertinent observation in Cotney v. Eason, 269 Ala. 354, 113 So.2d 512 (1959):
 "`A person cannot be said to be guilty of laches until he has knowledge of the facts which entitles him to relief and thereafter manifests a want of diligence in asserting his rights,' Hagood v. Knight, 257 Ala. 64, 57 So.2d 616, 618 [1952]; or unless he has knowledge of his rights or the claim of the opposing party or was possessed of such information as would put a person of ordinary prudence and diligence on inquiry which, if followed up, would reasonably lead to discovery of the situation. Pittman v. Pittman, 247 Ala. 458, 25 So.2d 26
[1945]."
Id. 269 Ala. at 357-58, 113 So.2d at 515-16. As the evidence discussed above reveals, Hayes neither had knowledge of other than the first paycheck irregularity nor was possessed of such information as would put a person of ordinary prudence and diligence on inquiry, and there was no proof of want of diligence on Hayes's behalf in prosecuting the claim once the error was discovered.
The defendant's reliance upon the defense of no mutuality of mistake is misplaced, as a close reading of Williams v. PhillipsPetroleum Co., 453 F. Supp. 967 (S.D.Ala. 1978), aff'd, 614 F.2d 293 (5th Cir. 1980) (applying Alabama law) reveals. The plaintiff here is not seeking reformation of an instrument, but return of payments for which the defendant gave no consideration.
The trial court properly decided that defendant's showing on the waiver defense was not sufficient to go to the jury. It has long been the law in Alabama that a payment made under mistake of fact can be recovered even though the payor had means of ascertaining the true facts and was not diligent in employing such means. Dudley v. Whatley, 244 Ala. 508, 14 So.2d 141 (1943);Merrill v. Brantley Co., 133 Ala. 537, 31 So. 847 (1902);Rutherford v. McIvor, 21 Ala. 750 (1852). There being no evidence of the intentional relinquishment of a known right by Hayes, seeBrown-Marx Associates, Ltd. v. Emigrant Savings Bank,703 F.2d 1361 (11th Cir. 1983) (applying Alabama law), the waiver defense was not available to defendant. *Page 807 
This court would be less than candid if it did not note that in view of the facts sympathy lies with the plaintiff. However, as indicated above, we find the law dictates that the trial court's action was correct.
The ruling of the trial court is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.