This is a breach of agreement case.
On July 24, 1989, the Montgomery County Circuit Court issued an order granting summary judgment to the appellees. The order also dismissed the action filed by the appellant, in which he alleged that the appellees breached an agreement, wherein they accepted an insurance settlement and agreed that such settlement was to be the "final and only action to be taken in civil proceedings" against the appellant.
On appeal, the appellant, who is appearing pro se, apparently contends that (1) due process was violated; (2) his right to trial by jury was denied; and (3) the statute of limitations had expired in the appellees' civil action, following which restitution was granted to the appellees in a criminal action.
However, the appellant's brief does not contain a "full statement of facts relevant to the issues presented for review, with appropriate references to the record," nor does it contain "citations to the parts of the record relied on" as required by Rule 28(a), Alabama Rules of Appellate Procedure. It is not the duty of this court to search the record to determine whether it contains evidence to support contentions made by a party.Aday v. Aday, 49 Ala. App. 263, 270 So.2d 812 (Ala.Civ.App. 1972).
In addition, as to all three contentions, the appellant cites as authority only general propositions, none of which is applicable to the issues presented, again in violation of Rule 28(a), A.R.App.P. Furthermore, as to the appellant's second contention, he cites no authority showing that he had a right to a jury trial in this case, and he refers to no evidence that such right was denied.
 "It is a general rule of appellate review that no matters will be considered on appeal unless presented and argued in brief. When an appellant fails to argue an issue in its brief, that issue is waived and cannot be considered on appeal. And, the same rule applies when a brief makes general propositions but fails to make specific application to the rulings assigned as error."
Roberson v. Riley, 464 So.2d 90, 91 (Ala.Civ.App. 1984) (citations omitted) (emphasis supplied).
Consequently, we affirm.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.