ON APPLICATION FOR REHEARING
RUSSELL, Judge.
The original opinion in this case is withdrawn and the following is substituted therefor:
This is an appeal from a summary judgment.
On September 14, 1988, David Money, representing Money’s Ford, Inc. (Ford), entered into an oral lease agreement with Mike Dirmann, representing Automotive Computer Support (ACS), for a computer system, with the understanding that all charges for the system with hardware, accounting software, and software support would be included in monthly payments of $480.60 to ACS. That same day, Money gave Dirmann a check for $961.20, representing the first and last of these payments. The rest of the payments were to be made to ACS over a period of 60 months, with the option to purchase the system for $1.00 at the end of the lease term.
Upon delivery of the system on October 13, 1988, Money signed a document labeled “Equipment Lease Agreement” under a section marked “Delivery and Acceptance Certificate,” but did not sign his name in the space provided for “Lessee” or in the space provided for the lessee’s personal guaranty. On this document Banker’s Trust of Louisiana was identified as the nominal lessor, and ACS was named as the supplier of the computer system. Money returned a copy of the document to ACS.
In November 1988 Ford received an invoice from Autocomp Software (Auto-comp), which in fact owned the rights to the accounting software included with the computer system, billing Ford $150 as a monthly fee for software use. Subsequent attempts by Ford to contact Dirmann regarding the invoice were unsuccessful. Other invoices from Autocomp to Ford followed before Autocomp inquired about payment of the invoices, informed Ford that a check from ACS to Autocomp for a license fee for software use was returned for insufficient funds, and requested that Ford execute a license agreement with Auto-comp for the software. Ford contended misrepresentation by Dirmann and discontinued payments, which it had been directing to ACS, on the lease. Business Credit Leasing (BCL), assignee of Banker’s Trust, claimed that Ford was liable to it for payments under the lease. Subsequently, Ford returned all computer equipment to BCL. BCL sold the equipment, resulting in *557 a deficiency, and billed Ford for the deficiency.
Ford claimed that it was not obligated to BCL for the deficiency and filed a complaint with the circuit court, seeking rescission of the oral lease agreement, a declaration that the purported written lease was null and void, and compensatory and punitive damages from several defendants, some not parties to this appeal. BCL counterclaimed, alleging that it was the holder of the lease agreement and that Ford remained liable for the deficiency. Based on its pleadings, the deposition of Money, and the handwriting analysis report of a forensic examiner, Ford moved for summary judgment in favor of its complaint and against BCL’s counterclaim, after which BCL moved for summary judgment in its favor on the counterclaim.
The circuit court entered an order granting summary judgment for Ford and denying summary judgment for BCL. The court found there to be no genuine issue as to the facts that Money, individually, did not sign the lease agreement as a party or a guarantor and that he did not sign the agreement on behalf of Ford other than in acknowledgment of receipt and installation of the equipment. It further found that none of the defendants or their agents had the authority or license to lease the software package to Ford. It held that, as a matter of law, Ford was entitled to a judgment that it was not obligated under the lease agreement and was not liable to BCL upon the lease that had been assigned to it. BCL appeals. We affirm.
Initially, we note that summary judgment is proper only when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987). Furthermore, in reviewing a trial court’s grant of summary judgment, this court must apply the same standard as utilized by the trial court. Southern Guaranty Insurance Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989). If the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the non-movant to show substantial evidence in support of its position. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989).
The dispositive issue before this court is whether the trial court erred when it granted summary judgment to Ford and denied summary judgment to BCL on its counterclaim seeking to invoke liability upon Ford under the lease agreement. After reviewing the evidence offered by BCL in opposition to Ford’s motion for summary judgment and in support of its own motion, we find that BCL failed to offer substantial evidence to raise a genuine issue of material fact and that the trial court was not in error in granting summary judgment for Ford and in denying summary judgment for BCL.
Ala.Code 1975, § 6-5-101, provides:
“Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.”
Moreover, a person induced to enter into a contract by reason of false representations has a right to rescind the contract because of fraud. Cartwright v. Braly, 218 Ala. 49, 117 So. 477 (1928).
Ford contended that Dirmann’s representations to Money were false in that Dirmann knew, or reasonably should have known, that the right to use the software was vested in Autocomp and that the cost for legal use of the software was not included in the monthly payments Ford made to ACS. We note here that under § 6-5-101 knowledge of the falsity of the representation is not an essential element of fraud. Barrett v. Hanks, 275 Ala. 383, 155 So.2d 339 (1963). Moreover, misrepresentation of a material fact, whether intended to deceive or not, may create a right of action if a party reasonably relied thereon and if it formed inducement to his prejudice. Standard Oil Co. v. Johnson, 276 Ala. 578, 165 So.2d 361 (1964); Standard Oil Co. v. Myers, 232 Ala. 662, 169 So. 312 (1936).
*558 In his deposition Money testified that Dirmann stated to him in September 1988 that, if Ford entered into the lease agreement with ACS, the cost of the software would be included in payments to ACS. The record reveals that Money (on behalf of Ford) acted in reliance on Dirmann’s representations when he gave ACS a check for the first and last of such payments. A representation that the cost of the software was included in the monthly payments would materially contribute to induce Ford to contract, as the computer system would have been of little use to Ford without the software, and the additional monthly payment of $150 to Autocomp as a fee for use of the software would have certainly constituted a considerable increase in the total cost to Ford. The license fee was also subject to an increase, with notice, at the sole discretion of Autocomp.
All of the evidence before the trial court indicated that not only was Ford at all times unauthorized to use the software without first paying a substantial user’s fee to Autocomp, but no party, in fact, had authorization to use the software without payment of such a fee. Neither BCL nor any of the other defendants named in Ford’s motion for summary judgment adduced evidence tending to show that Dir-mann had not misrepresented to Ford the cost of the software as being included in lease payments. In fact, at the time of the trial Dirmann had failed to respond in any way to Ford’s contention of misrepresentation. Prior to entering the lease agreement, Money had never talked to anyone at BCL, Autoeomp, or Banker’s Trust. All of Ford’s dealings regarding the computer system were through Dirmann.
As regards the written document, Ford presented evidence showing that Money’s signature was forged on the “Equipment Lease Agreement” in the space provided for “Lessee” and in the space provided for the lessee’s personal guaranty, which read as follows:
“[Ejxecution of this guarantee is a material part of the consideration upon which Lessor relies in consummating this Lease Agreement and ... this guarantee is executed as an inducement to the Lessor to consummate the Lease Agreement.”
From the terms of the lease, execution of the personal guaranty was a material consideration and inducement to the lessor. Because the record shows that the signature in this space was not executed by Money, the lease was effectively unsigned.
When Ford introduced evidence to the trial court in support of its summary judgment motion, the burden then shifted to BCL to submit facts controverting the facts represented by Ford. Bass, 538 So.2d 794. BCL itself submits that Money’s signature was forged on the “Equipment Lease Agreement.” Thus, Money’s signature appears, on behalf of Ford, only in acknowledgement of receipt of the computer equipment. This evidence is undisputed.
In view of the above, we find that the trial court was not in error when it determined that there was no genuine issue of material fact and that Ford was entitled to a judgment as a matter of law. We further find that the trial court was not in error when it denied BCL’s motion for summary judgment.
The judgment of the trial court is due to be affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.