20 So.2d 232
### Ex parte STATE ex rel. DICKS.
2 Div. 201.

Supreme Court of Alabama.

June 22, 1944.

Rehearing Denied Jan. 11, 1945.

Granade & Granade, of Chatom, and Joe D. Lindsey, of Butler, for relator.

278

D. M. Boswell, of Butler, for respondent.

LIVINGSTON, Justice.

Original petition for the issuance of a writ of mandamus to be directed to the Hon. Joe M. Pelham, Jr., as Judge of the First Judicial Circuit, and as Presiding Judge of the Circuit Court of Choctaw County, Alabama, commanding him to retransfer to the law side of the docket that certain cause originally instituted in the law court by R. T. Dicks against M. T. White and husband J. V. White, and which, on the petition of M. T. White and J. V. White, was transferred from the law side of the docket to the equity side thereof.

The suit, as originally filed on the law side of the docket, was in ejectment to recover possession of the SW ¼ of the SW ¼ of Section 36, Township 13 North, Range 2 West, Choctaw County, Alabama.

The answer of respondent to the rule nisi, which is not controverted, must be taken as true. Ex parte Harris, 228 Ala. 88, 152 So. 449; Ex parte Fischer, 229 Ala. 459, 157 So. 869; Ex parte Apperson, 217 Ala. 176, 115 So. 226. It alleges, in substance, that the order for removal of the cause from the law side to the equity side of the docket was grounded on the allegations that M. T. White was the owner of the lands described in the complaint, having acquired title thereto by deed from J. Joseph Thompson to-wit the 25th day of July, 1939, and which deed was recorded in the office of the Judge of Probate of Choctaw County, Alabama, on to-wit the 26th day of July, 1939; that R. T. Dicks, plaintiff in the ejectment suit, claimed to own some right, title or interest in or to the land by virtue of a deed executed and delivered to him by Lillie Williams and Alice Wilcox on to-wit the 13th day of August, 1940, and which deed was recorded in the office of the Judge of Probate of Choctaw County, Alabama, on to-wit the 14th day of August, 1940; that Lillie Williams and Alice Wilcox owned no right, title or interest in or to said lands, and that said deed constituted a cloud on the title of M. T. White, which could not be removed in the law court.

The answer further shows that after the cause was removed to the equity docket M. T. White and husband, J. V. White, filed a bill of complaint alleging the foregoing facts; and the further facts, that the common source of title of M. T. White and R. T. Dicks to the lands involved was one Peter DuBose, deceased; that M. T. White owned an undivided two-ninths interest in said lands, and the heirs at law of Peter DuBose, deceased, owned the remaining seven-ninths interest in said lands. By amendments, the heirs at law of Peter DuBose, deceased, were made parties to the bill of complaint. R. T. Dicks answered the bill of complaint, and made his answer a cross-bill. In his answer and cross-bill R. T. Dicks denied the title of M. T. White and the DuBose heirs, and alleged that he, R. T. Dicks, was the owner of the legal title to the lands involved, and prayed that the deeds from the DuBose heirs to Thompson, and from Thompson to M. T. White, be cancelled as a cloud on his title; that R. T. Dicks demanded a jury for the trial of the issues of fact raised by the bill of complaint and the answer and cross-bill; that two trials of said issues resulted in mistrials. The answer further shows that J. V. White was, by amendment, stricken as a party complainant, but that he remains a party to the suit as cross-respondent to petitioner's cross-bill.

Clearly, the foregoing facts present matters of equitable cognizance not triable in the law court. If M. T. White owns an undivided two-ninths interest in the lands involved and the remaining seven-ninths interest is owned by the heirs of Peter DuBose, the recorded deed of Dicks is a cloud on their title and can be removed only in equity. On the other hand, if Dicks has the legal title to the lands, the deeds to Thompson and M. T. White constitute a cloud on his title and can be removed only in equity.

While we are not to be understood as holding that the averments of fact, upon

which respondent ordered the cause transferred from the law docket to the equity docket, were sufficient for that purpose, the petitioner, as hereinafter shown, consented to the transfer.

Section 155, Title 13, Code of 1940, provides in part:

"Whenever any cause on the motion or application of any party thereto is transferred as provided by this article, and the party moving for such transfer fails to establish or maintain the question, right or defense asserted by him and the cause cannot then be finally disposed of on the side of the court to which the same was transferred, the judge hearing the cause shall so state in his judgment or decree, but shall not dismiss the cause and shall direct in such judgment or decree that the cause be retransferred to the side of the court in which the same was originally filed."

The fact that two juries have failed to agree on the issues of fact submitted to them does not constitute grounds for a re-transfer under the quoted provisions of section 155, supra. The section contemplates a final failure to establish or maintain the question, right or defense asserted as a basis for the original transfer. The two mistrials do not affect the equity of the bill of complaint, nor that of the cross-bill. Petitioner made no insistence for a re-transfer as provided in section 155, supra, until after he had acknowledged equity jurisdiction by filing answer and cross-bill, and proceeded to a hearing of the cause on the facts. Therefore, by his conduct, he, in effect, consented to the trial of the cause in equity. See, Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555.

Petitioner complains that the court failed to rule on demurrers filed to the bill of complaint. Respondent's answer shows that the demurrers were not called to the attention of the court and that petitioner submitted the issues of fact to two juries without insisting on a ruling on the demurrers. They were therefore waived. Lampkin v. Strawbridge, 243 Ala. 558, 11 So.2d 130; McMillan v. State ex rel., 218 Ala. 602, 119 So. 652.

The fact that complainant M. T. White prays for a sale of the lands for division among her and the heirs of Peter DuBose is no cause for a re-transfer of the case to the law side of the docket. The question can be finally disposed of on the equity side of the docket, as can all other questions presented by the pleadings filed in the cause.

The writ of mandamus is due to be, and is, denied.

Writ denied.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.