51 So.2d 528

### GROVE v. ROBERTSON.
#### 1 Div. 431.

Supreme Court of Alabama.

March 22, 1951.

Hubert M. Hall, of Bay Minette, for appellant.

Chason & Stone, of Bay Minette, for appellee.

BROWN, Justice.

The appellee Robertson instituted a common law action of covenant against the appellant to recover $750 damages for breach of the warranties embodied in a deed executed by appellant and wife to the plaintiff on the 20th of August, 1943, conveying to the plaintiff 190 acres of timber land situated in Baldwin County, Alabama, for and in consideration of the payment to said grantor of the sum of $950. The complainant avers that "in and as a part of said deed Defendant did covenant with Plaintiff that he was lawfully seized in fee simple of said premises and that he had a good right to sell and

convey the same to Plaintiff, and did warrant and defend the title to same to Plaintiff, his heirs and assigns, which warranty, covenant and agreement is breached by Defendant in that at the time of said conveyance said Defendant did not own the title or right in and to said lands, to-wit:—all pine timber suitable for saw logs, poles, pilings, and pulp wood; and Plaintiff further avers that since said conveyance to him that said pine timber suitable for saw logs, poles, pilings and pulp wood has been cut and removed from said lands and that he has lost the value of the same, all to his damages in the sum aforementioned." Copeland v. McAdory, 100 Ala. 553, 13 So. 545.

While the case was pending on the law docket the defendant made motion to transfer the same to the equity docket, alleging facts in his motion, verified by appellant, which if true made a case for the reformation of the deed in question. In response thereto an appropriate order was entered as provided by the statute removing the case to the equity docket. Code of 1940, Tit. 13, § 155; Ex parte Holzer, 219 Ala. 431, 122 So. 421.

The defendant thereupon filed his bill seeking to reform the deed, the material averments of which are: "5. That on to-wit August 20, 1943, the Respondent purchased the said property herein described, from the Complainant; that a copy of said conveyance is hereto attached, marked exhibit 'B' and asked to be considered as a part hereof as though herein fully set out:

"6. That it was expressly understood and mutually agreed between the Complainant and the Respondent, that the Complainant, at the time of the conveyance to the Respondent, did not own the timber located upon the said land, and that it had been previously sold to G. C. Coggins; and that the Complainant only, and did, convey the said land to the Respondent subject to the said outstanding timber contract, but due to the mutual mistake of the Complainant and the Respondent the deed did not except the timber which had theretofore been conveyed from the deed, and that through the mistake of the party drafting the deed, it did not express the mutual understanding between the Complainant and the Respondent."

The answer filed by the respondent (the plaintiff in the action) admitted the allegations of the fifth paragraph of said bill and denied the allegations of the sixth paragraph.

On submission on the pleading and proof for final decree the testimony having been given *ore tenus,* the court entered a final decree, denying the complainant relief and declaring that there was a breach of warranty embodied in the deed, ascertained the amount of the damage, sustained by the grantee, dismissed the bill and taxed the complainant with the costs.

The evidence is without dispute that Robertson had nothing to do with the preparation of the deed, that he was not present at the time and the deed was delivered by the bank and the purchase money therefor was paid to the bank. The testimony given by the complainant falls far short of showing that there was a mutual agreement and understanding between the parties that an exception was to be embodied in the deed as to the timber, poles and pulp wood. The most it shows was matters of conclusion without facts. The evidence as a whole shows that the deed expressed all that the parties intended that it should and we concur in the conclusion expressed in the decree that the complainant was not entitled to the relief prayed.

The law requires that there must have been a meeting of the minds of the parties and as a result of a mutual mistake the deed did not express their common intent, and on this point the evidence must be clear and convincing. McCay v. Jenkins, 244 Ala. 650, 15 So.2d 409, 149 A.L.R. 746; Holland Blow Stave Co. v. Barclay, 193 Ala. 200, 69 So. 118; Brumfield v. Hall, 215 Ala. 515, 110 So. 898.

The statute, Code of 1940, Title 13, § 155, provides:

"Whenever any cause on the motion or application of any party thereto is transferred as provided by this article, and the party moving for such transfer fails to

establish or maintain the question, right or defense asserted by him and the cause cannot then be finally disposed of on the side of the court to which the same was transferred, the judge hearing the cause shall so state in his judgment or decree, but shall not dismiss the cause and shall direct in such judgment or decree that the cause be retransferred to the side of the court in which the same was originally filed and shall tax all the costs then accrued against the party who moved or applied for a transfer of the cause and failed to establish or maintain the question, right or defense asserted by him. * * *" Smith v. Grayson, 214 Ala. 197, 107 So. 448.

■ Breach of the covenants of warranty in a deed is redressable by an action at law which affords the parties an adequate remedy and in such cases courts of equity are without jurisdiction. Code of 1940, Title 13, § 129; Becker Roofing Co. v. Meharg, 223 Ala. 163, 134 So. 864.

In the case of Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555, there was a basis for equity jurisdiction,—the cancellation of a recorded deed to real property, relief that could not be obtained in the law court. A like situation was presented in Ex parte State ex rel. Dicks, 246 Ala. 277, 20 So.2d 232, where both parties, the complainant in his bill and the defendant in the cross-bill, sought the cancellation of deeds as a cloud on their alleged title.

■■ We are therefore of opinion that the trial court erred in dismissing the complainant's bill but properly denied relief and taxed the costs of the equity proceeding against the complainant Grove, and to that extent the decree is affirmed. The court also erred in proceeding to settle the purely legal questions in the case and in rendering a personal decree against Grove for damages for breach of warranty and dismissing the bill. In this latter respect the decree is reversed and the cause is remanded to the circuit court with directions to enter an appropriate decree retransferring the case to the law docket for further proceedings as authorized by the statute.

Affirmed in part and in part reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and STAKELY, JJ., concur.