59 So.2d 63

### PUTMAN v. DAVIS.
### 7 Div. 35.

Supreme Court of Alabama.
May 22, 1952.

Embry & Embry, Pell City, and Earl McBee, Birmingham, for appellant.

Jas. H. Johnson, Ashville, and Arthur Burns, Gadsden, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a decree of the Circuit Court of St. Clair County, in Equity, Ashville Division, overruling the demurrer of appellant Putman to the cross-bill of appellee Davis.

The dispute concerns title to the NE¼ of the NE¼ of Section 2, Township 14, Range 4, in St. Clair County, a forty acre tract of land known as the John Jester place.

The proceedings in this case were instituted by Davis in an action of ejectment filed on the law side of the circuit court.

Putman filed a motion to transfer the case to the equity side of the docket under authority of Title 13, § 153, Code of Alabama 1940, asserting in his motion for transfer that he had a defense to the lawsuit which could be presented only in the equity court. The motion was uncontested by Davis, and was granted by the court. Putman then filed a bill of complaint setting forth the facts of his equitable defense. The bill was not tested by demurrer.

The bill filed by Putman alleges, in substance, that he is the son of J. W. Putman who died testate in the year 1933; that by item four of his father's will he, complainant, was devised forty acres of land known as the "Old Tom Jenkins' place" (we note that this forty is sometimes referred to in the pleadings as the Tom Jester place); that his brother, L. S. Putman, was named as the executor of the said will; that the will was duly probated and L. S. Putman was duly appointed and qualified as executor thereof; that item eight of the will provides:

"All the rest and residue of my estate, real, personal and mixed, of which I shall die, seized and possessed, or to which I shall be entitled at my decease, I give, devise and bequeath to be sold and the proceeds therefrom to be equally divided between my wife, Willie Putman, two sons, L. S. Putman and Cullen Putman, my two daughters, Myrtle Gunter and Ella Pannell and my granddaughter, Dora Moorer."

That after the death of J. W. Putman, and during the year 1933, L. S. Putman, the executor of the will of J. W. Putman, deceased, with the consent of all of the heirs of J. W. Putman, deceased, entered into an agreement under the terms of which complainant, W. C. B. Putman, exchanged the forty acres of land known as the "Old Tom Jenkins' Place" for another forty acres of land described as follows, and which is the land involved in this suit,—the NE¼ of NE¼ of Section 2, Township 24, Range 4 (we assume in St. Clair County, Alabama); that he, complainant, was put into possession of said lands last above described in the year 1933 and has remained in the peaceable possession of said lands

since that time, and has regularly and continuously assessed and paid the taxes thereon; that he, complainant, never went into possession of the tract of land devised to him by his father's will and that the same was later sold under an order or decree of the Circuit Court, in Equity, of St. Clair County; the bill then avers:

"Complainant avers that in the proceedings in this Court for the sale of the lands by the executor under the will of J. W. Putman, deceased, that he was the party respondent thereto and made no appearance or protest, but allowed a Decree Pro Confesso to be rendered against him, which sale under the original petition embraced all of the lands belonging to said estate, less and except the forty acre tract hereinabove described. That said Forty acre tract hereinabove described was subsequently sold under the petition in said cause by the executor under said will and notwithstanding respondent was notified by the executor in person and by Complainant of the claim and title of said 40 acre tract of land by complainant and with full knowledge and notice of Complainant's possession and claim of title to said lands respondent became the purchaser at said sale."

Complainant prays that upon final hearing, the court will decree that the purported sale to respondent Davis is void and of no effect, and that title to the disputed forty acres of land is in complainant, and that the deed to Davis be cancelled of record, and for general relief.

To the bill of complaint, respondent Davis interposed an answer which admitted the formal allegations of the bill and the further fact that he purchased the land involved when it was sold under an order of the Circuit Court, in Equity, of St. Clair County, and denied all other material allegations of the bill.

Later, respondent Davis filed a cross-bill.

In substance, the cross-bill alleges that cross-complainant Davis acquired title to the lands involved, by virtue of a deed to him executed by L. S. Putman, as executor of the estate of J. W. Putman, deceased, and which deed was later confirmed by a decree of the Circuit Court in Equity of St. Clair County.

Cross-complainant prayed that a decree be entered awarding him possession of the lands involved and $500 for its detention, and for general relief.

This appeal is from the decree of the court below overruling the demurrer to the cross-bill.

In short, as we view it, the cross-bill simply asserts that cross-complainant, Davis, holds legal title to the land involved by virtue of a deed, executed by competent parties and confirmed by the court conveying it to him. It asserts no right not available on bill and answer. The aid and office of a cross-bill therefore was not required. The relief prayed for in the cross-bill is the same relief sought by the ejectment suit filed on the law side of the court.

Section 155 of Title 13, Code of Alabama 1940, reads:

"When cause retransferred.—Whenever any cause on the motion or application of any party thereto is transferred as provided by this article, and the party moving for such transfer fails to establish or maintain the question, right or defense asserted by him and the cause cannot then be finally disposed of on the side of the court to which the same was transferred, the judge hearing the cause shall so state in his judgment or decree, but shall not dismiss the cause and shall direct in such judgment or decree that the cause be retransferred to the side of the court in which the same was originally filed and shall tax all the costs then accrued against the party who moved or applied for a transfer of the cause and failed to establish or maintain the question, right or defense asserted by him. When any cause is so retransferred, it shall thereupon be docketed on the side of the court in which originally filed and proceed to final judgment for decree therein, and on an appeal from the final judgment or decree in the cause, error may be

assigned by the party aggrieved on the judgment or decree of the court retransferring the cause to the side of the court in which the same was originally filed."

Under the issues raised by the pleadings in this case, if the equity of the bill of complaint is proved, the cross-bill must, of necessity, fail. If complainant fails to prove the allegations of his bill, the cross-bill, presenting a purely legal demand, would have to be retransferred to the law side of the docket under the provisions of section 155, supra. Emens v. Stephens, 233 Ala. 295, 172 So. 95. See also, Perry v. Warnock, 246 Ala. 470, 20 So.2d 867; Grove v. Robertson, 255 Ala. 346, 51 So.2d 528; Dean v. Griffith, ante, p. 67, 57 So.2d 545.

The demurrer to the cross-bill taking the point should have been sustained.

Reversed and remanded.

FOSTER, SIMPSON and GOODWYN, JJ., concur.