226 So.2d 160

**Lisa Juanita HILBURN**

and

**Claud O. Hilburn**

**v.**

**NATIONWIDE MUTUAL INSURANCE CO.**

**7 Div. 808.**

Supreme Court of Alabama.

Aug. 21, 1969.

Woodrow Albea, W. O. MacMahon, III, Anniston, for appellants.

Knox, Jones, Woolf & Merrill, Anniston, for appellee.

PER CURIAM.

Appellee filed its petition in the Equity Division of the Circuit Court of Calhoun

County against appellants, et al. seeking a declaratory judgment as to the rights and liability of the parties under a policy of insurance issued by appellee. The litigation relates to the operation of a Pontiac automobile on, to wit, October 30, 1966, in Calhoun County, by one Kenneth Wayne Bostick, a minor, who was involved in an accident. The automobile was the property of one Thomas Smart and the policy of insurance here involved was issued to him. Appellants file suit to recover damages.

The trial court, after hearing the evidence ore tenus, decreed that Bostick, the driver, was not entitled to coverage under the policy against his legal liability for claims arising out of the operation of said Pontiac automobile by him on October 30, 1966; that appellee was not obligated to defend on behalf of said Bostick in certain pending lawsuits; and also that appellee was not required to pay any judgment or costs rendered or assessed against said Bostick in pending suits against him to recover damages incident to the operation of said automobile on October 30, 1966.

Appellee directs our attention to the failure of appellants to comply with Supreme Court Rule 9, Code of Alabama Recompiled 1958; 279 Ala. XXI, XXVI, which requires that appellants' brief shall contain "(b) under the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; * * *."

*Assignment of Error 1.*

Appellants contend by Assignment of Error 1:

"1. The trial court erred in its ruling and decree because the evidence by Mrs. Vice (Tr. pp. 99–101) showed permissive use by the owners of the 1960 Pontiac to Kenneth Wayne Bostick."

*Assignment of Error 2.*

"2. The trial court wholly erred in rendering its final decree dated December 5, 1967 because it was contrary to the evidence (Tr. p. 16 & 16 [sic 17])."

Appellants' brief fails to meet the demands of the afore-quoted excerpt from Rule 9, supra. Under the heading "STATEMENT OF THE FACTS," the following, without more, appears:

"*Evidence for the Respondents-Appellants (Lisa Juanita Hilburn and Claud O. Hilburn):*

"*Testimony of Juanita Vice.* This witness testified in substance that her son, Kenneth Wayne Bostick, had the Pontiac automobile owned by Thomas Smart on many occasions overnight at her home and drove it frequently for his own benefit. (Tr. pp. 99–101)."

The transcript contains pages 25 through 105, inclusive, of testimony. There were seven witnesses.

Because of appellants' failure to comply with Rule 9, supra, we affirm the decree of the trial court.

This opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.