268 So.2d 802

**Edna Earl REYNOLDS et al.,**

v.

**Charles BURKHALTER, Jr., et al.**

**S. C. 71.**

Supreme Court of Alabama.

Oct. 19, 1972.

Rehearing Denied Nov. 30, 1972.

Roy D. McCord, and J. A. Hornsby, Gadsden, for appellants.

Irby A. Keener, Jr., Centre, for appellees.

COLEMAN, Justice.

Complainants appeal from an adverse decree in a suit to quiet title to land.

On motion by complainants, the trial court heard testimony ore tenus on two occasions; to wit, January 12, 1971, and February 9, 1971.

Ten witnesses testified on the hearings. The transcript of their testimony is set out on forty-five transcript pages. Approximately thirty exhibits were received in evidence.

Appellants' Statement of the Facts is set out on two and one-half pages of their brief. Appellants' Statement of the Facts does not contain a condensed recital of the evidence given by each witness in narrative form as required by Supreme Court Rule 9 when the insufficiency of the evidence to sustain the verdict or finding in fact or law is assigned as error.

Appellants set out three Propositions of Law in their brief and cite one case to support each proposition of law, as follows:

"I.

"A deed will be reformed only if there has been a meeting of the minds of the parties and as a result of a mutual mistake the deed did not express their common intent, and the evidence must be clear and convincing.

"Grove v. Robertson, 255 Ala. 346, 51 So.2d 528.

"II.

"Where reformation is sought solely on ground of mistake, no fraud intervening, mutuality of mistake is essential.

"Darden v. Meadows, 259 Ala. 676, 68 So.2d 709.

"III.

"In absence of fraud or inequitable conduct, unilateral mistake will not furnish ground for reformation.

"Webb v. Sprott, 225 Ala. 600, 144 So. 569."

The entire argument section of appellants' brief is as follows:

"ARGUMENT

"Assignment of Error Number Two addresses itself to Propositions of Law I, II, and III. The great preponderance of the evidence will fail to bear out the contention of the Respondent Burkhalter and the decision of the lower Court that Respondent Burkhalter had acquired possession of any part of Complainants' lands by virtue of adverse possession. Indeed, Complainants strongly resisted encroachment of Respondent Burkhalter from the moment it was discovered.

(See Transcript Pages 33, 34, 35, 36, and 37).

"In essence, what the Court has done is reform the deed to Complainants' decedent and the deed from the common grantor to Lecroy, Story, down through Burkhalter. There could have been no mutual mistake in the execution of the deeds inasmuch as Complainants' lands are specifically excepted in the deeds from Mrs. Lee to Lecroy, Lecroy to Story, and Story to Burkhalter. It is only upon the filing of the plat made by Burkhalter that Complainants' lands were diminished. There is error in the record. It is respectfully submitted that the trial Court in this cause is due to be reversed and the lands of the Complainants be restored."

Assignment 2 recites:

"2. The trial Court erred in making, entering and signing the final decree rendered in this cause. (Tr pages 76–80, both inclusive)"

The appellees, in their brief and motion, have challenged the sufficiency of the assignments of error and also the sufficiency of the Statement of the Facts in appellants' brief to comply with Supreme Court Rule 9. In pertinent part, Rule 9 recites:

"Appellant's brief under separate headings shall contain: . . . (b) under the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and *if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely;* . . . ." (*Emphasis supplied.*)

In their brief, appellants expressly argue that "The great preponderance of the evidence will fail to bear out . . . . the decision of the lower Court that Respondent Burkhalter had acquired possession of any part of Complainants' lands by virtue of adverse possession." This is clearly an assertion that the evidence is insufficient to support the finding of the trial court. In this circumstance, the appellants' brief is required to contain a condensed recital of the evidence given by each witness as provided by Rule 9.

This court has said:

"We have held that if there is a failure to comply with Rule 9 (old Rule 10), there is, as a consequence, a failure to insist upon errors assigned; and that the failure to insist upon errors assigned is a waiver and an abandonment of them. Wilson v. McClendon, 259 Ala. 382, 383, 66 So.2d 924; Morgan County v. Hill, 257 Ala. 658, 659, 60 So.2d 838; Alabama Power Co. v. Thompson, 250 Ala. 7, 10, 32 So.2d 795, 9 A.L.R.2d 974; Louisville & Nashville R. R. Co. v. Holland, 173 Ala. 675, 694, 55 So. 1001, 1008." Mothershed v. Mothershed, 274 Ala. 528, 530, 150 So.2d 372, 373.

This court has held in numerous cases that a failure to comply with Rule 9, when insufficiency of the evidence to support the finding is relied on by appellant, requires affirmance. See: Case v. Ward, 276 Ala. 242, 160 So.2d 859; Burch v. Southeastern Sand & Gravel Company, 278 Ala. 504, 179 So.2d 83; Zanaty v. Hagerty, 280 Ala. 232, 191 So.2d 516; Beck v. Beck, 286 Ala. 692, 246 So.2d 420. The reason for the rule has been stated as follows:

" ' . . . . "It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact. It is not the province of a reviewing court to search the record in order to ascertain whether it contains evidence that

will sustain a contention made by either party to the appeal. [Citing cases.] Where an appellant claims that some particular issue of fact is not sustained by the evidence, he is required to set forth in his brief all of the material evidence on the point and not merely his own evidence. If this is not done, the error assigned is deemed waived." . . . . ' Slovick v. James I. Barnes Construction Co., 142 Cal.App.2d 618, 298 P.2d 923, 927." Standard Oil Co. v. Johnson, 276 Ala. 578, 588, 165 So.2d 361.

■ The decree appealed from determines the ownership of the land in suit and declares the true boundary lines between the coterminous owners. The court did not undertake in express terms to reform any deed and we do not agree that the court has in anywise undertaken to reform any deed.

■ Laying aside as unnecessary for decision the question whether any assignment of error is insufficient, we are of opinion that, for noncompliance with Rule 9 as previously discussed, the decree appealed from is due to be affirmed.

Affirmed.

HEFLIN, C. J., and HARWOOD, BLOODWORTH, and McCALL, JJ., concur.

HEFLIN, Chief Justice (concurring):

This case has been decided on a technicality rather than on its merits. Act No. 964, Acts of Alabama, 1971, Regular Session, approved September 7, 1971, conferred upon the Supreme Court of Alabama broad rule-making power to adopt a new system of rules to govern procedure in appellate practice. This Act, which recites that its purpose is to promote the speedy determination of litigation in the appellate

courts on its merits, specifically states that the Supreme Court may disregard any law, rule of court, or court decision which may be inconsistent with any new rule or rules insofar as the same may be done constitutionally. For the purpose of aiding and assisting this court in formulating such new system of rules, an Advisory Committee has been appointed. This committee is presently at work on this task. Hopefully, such new system of rules will allow an opportunity for litigants to correct non-compliance of appellate rules, such as was involved in this case, and thereby prevent decisions on technicalities. However, pending the opportunity to adopt such new system of rules in an orderly fashion following the receipt of recommendations from such Advisory Committee, I feel I must follow the prior decisions of this court. Therefore, I concur in the opinion of Justice Coleman.