318 So.2d 736

**Riley H. MAYHALL**

v.

**Thomas SWAFFORD.**

**Civ. 511.**

Court of Civil Appeals of Alabama.

July 30, 1975.

**710**

———◆———

Riley H. Mayhall, pro se.

No appearance for appellee.

HOLMES, Judge.

This is an appeal from a judgment of the County Court of Marshall County. The judgment rendered by the court, sitting without a jury, was for $295 in favor of appellee-plaintiff and against appellant-defendant.

Apparently, appellant who is represented *pro se* assigns as error the trial court's order denying a motion for a new trial. Again, apparently he argues there is insufficient evidence to support the judgment.

Appellant's brief contains no "Statement of the Facts" as required by Supreme Court Rule 9(b) which in pertinent part, reads as follows:

". . . (b) under the heading 'Statement of the Facts,' . . . if the in-

sufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; . . ."

From our perusal of the transcript of the evidence, eight witnesses testified at the trial.

The Alabama Supreme Court has consistently held that a failure to comply with Rule 9(b) requires affirmance of the trial court's judgment. *Reynolds v. Burkhalter,* 289 Ala. 528, 268 So.2d 802; *Hilburn v. Nationwide Mutual Insurance Co.,* 284 Ala. 503, 226 So.2d 160.

■ Additionally, appellant, in his argument, cites to this court no authority. The mere insistence of error without mention of authority does not amount to an argument, as again required by Supreme Court Rule 9(d). See *Ala. Elec Co-op v. Partridge,* 284 Ala. 442, 225 So.2d 848.

■ In view of the fact that appellant's brief totally and completely fails to comply with Supreme Court Rule 9, as noted above, this court has no alternative other than to affirm the judgment of the trial court. However, we do note that this court has read the entire transcript of the evidence in this case, and when viewed with the attendant presumption of correctness, 2A Ala.Dig., *Appeal and Error,* ⬅931, there is ample evidence to support the trial court's decree.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.