318 So.2d 737

**Martha Nell Clay MASSEY**

v.

**Gregory McKinley CLAY.**

**Civ. 513.**

Court of Civil Appeals of Alabama.

July 30, 1975.

Rehearing Denied Aug. 27, 1975.

W. D. Wilkes, Jr., Guntersville, for appellant.

Randy H. Beard, Guntersville, for appellee.

BRADLEY, Judge.

The appeal is from a judgment of the Circuit Court of Marshall County denying a petition for modification of a prior decree of said court relating to child custody and refusing to grant a new trial.

Appellant had petitioned the trial court to modify the previous decree that had awarded custody of the parties' minor daughter to the appellee-father. The petition averred that there were changed circumstances since the divorce decree that warranted awarding custody of said child to her.

There was a hearing held by the court at which seven witnesses testified. At the conclusion of the hearing, the court denied the request for a change in the child's custody. This appeal resulted.

The one assignment of error suggests that the trial court erred in overruling the motion for a new trial. There were six grounds in the motion for new trial, but appellant chose to argue only one ground, i. e., that the judgment of the court is contrary to the evidence.

Appellee, by motion to strike appellant's brief, has called our attention to the failure of appellant's brief to comply with *Supreme Court Rule 9(b)*.

*Rule 9(b)* is in pertinent part as follows:

". . . (b) under the heading 'Statement of the Facts,' . . . if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; . . . ."

The transcript of the testimony covers record pages 18 through 138 and contains the recitals of seven witnesses. The "Statement of the Facts" covers two and one-half pages of the brief and purports to

summarize the testimony of three of those witnesses. We conclude that the "Statement of Facts" in appellant's brief does not comply with *Supreme Court Rule 9(b)* where the insufficiency of the evidence to support the judgment of the trial court is assigned as error.

The Alabama Supreme Court has consistently held that a failure to comply with *Rule 9(b)* in the particular discussed above requires affirmance of the trial court's judgment. *Reynolds v. Burkhalter,* 289 Ala. 528, 268 So.2d 802; *Hilburn v. Nationwide Mutual Insurance Co.,* 284 Ala. 503, 226 So.2d 160.

Inasmuch as appellant's brief fails to comply with *Supreme Court Rule 9(b)* as noted above, appellee's motion to strike appellant's brief will be considered as a motion to affirm the trial court's judgment. Being so considered, the motion is granted and the judgment is affirmed.

Motion granted.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.