This is an appeal by the defendant, Caroline C. Blair, from a jury verdict in favor of the plaintiff, York Engineering Company, for money due on account and for work and labor performed in the preparation of a land survey. We affirm.
The plaintiff filed the complaint on March 22, 1977. The trial court set the case for trial, but it was continued at the request of the defendant. The case was again set for trial on September 19, 1978. The trial was commenced on this date; however, a mistrial was declared because a juror became ill. On January 20, 1979 the court again set the case for trial on March 12, 1979.
On March 2, 1979 ten days prior to the trial, the defendant learned that she did not have an attorney for the trial of the present case. The defendant had a second lawsuit pending before the trial court and was under the erroneous impression that the same attorney represented her in both actions. The defendant's attorney in the other lawsuit was unaware of the present case and had previously planned to be out of town on the trial date. As pointed out by counsel for defendant in oral argument, the situation was not one where the defendant's attorney was out of town; the defendant did not have an attorney for the trial of her case.
The defendant was apparently unable to obtain counsel prior to trial despite ten days' notice. As a result the defendant appeared in court on the day of the trial and asked the trial court for a continuance, citing the absence of an attorney. The trial court refused the defendant's request for a continuance, noting that the case had previously been continued once at the defendant's request. The case was tried with the defendant acting as her own attorney. The jury returned a verdict for the plaintiff and this appeal followed.
The defendant's first contention is that the trial court erred in failing to instruct the jury on the defenses raised by the pleadings and evidence. The plaintiff correctly points out in his brief that to preserve errors in the trial court's jury instruction, one must comply with Rule 51, ARCP, which provides that:
 No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.
The defendant failed to file any written instructions and made no objection to the charges given by the court, oral or written. Therefore any error connected with the trial court's charges must be deemed waived. Windsor v. General MotorsAcceptance Corporation, 295 Ala. 80, 323 So.2d 350 (1975).
The defendant also argues that she was not apprised of her right to challenge the charges given and was not given the opportunity to object to the charges or submit charges of her own.
First, we would note that the Alabama Rules of Civil Procedure are to be applied impartially and are binding both on members of the bar and parties proceeding pro se. Hubbard v.Montgomery, Ala., 372 So.2d 315 (1979).
Secondly, since no objection was made to the alleged denial of the opportunity to object to the charges or submit charges, no error was preserved in connection with the trial court's actions concerning the jury instructions. Elliot v. Elliot, Ala., 372 So.2d 846 (1979).
The second contention urged upon this court by the defendant is that the trial court abused its discretion in denying the defendant's request for a continuance. The grant or refusal of a continuance is within the discretion of the trial court and such ruling will be revised on appeal only where it is shown that such discretion has been obviously and palpably abused.Warwick v. *Page 880 Warwick, Ala.Civ.App., 372 So.2d 1108 (1979).
Under the facts related above, we find no obvious and palpable abuse of discretion in the trial court's refusal to grant the defendant a second continuance.
The defendant's final contention is that the trial court erred in refusing to permit her to present evidence regarding the accuracy of the survey prepared by the plaintiff. The defendant has cited this court no authority for such a contention and has failed to allege any specific error in the trial court's rulings on the evidence. An appellant's contentions must be supported by authority and the reasons for the contentions. Mayhall v. Swafford, 55 Ala. App. 709,318 So.2d 736 (1975); Thoman Engineers, Inc. v. McDonald,57 Ala. App. 287, 328 So.2d 293 (1976). Rule 28 (a)(5), ARAP. However, we have considered the defendant's final contention despite its lack of specificity and conclude that the record indicates that the trial court committed no reversible error in its rulings on the evidence. Therefore this cause is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.