HOLMES, Judge.
The landowner appeals from a summary judgment rendered in favor of certain taxing officials.
The landowner filed suit against certain taxing officials, seeking to establish that he *528 was entitled to “current use” valuation on his property for ad valorem tax assessment purposes.
Both parties filed motions for summary judgment. Rule 56, Alabama Rules of Civil Procedure. Each supporting affidavit dealt solely with the issue of whether the landowner was entitled to current use valuation pursuant to Ala.Code (1975), § 40-7-25. Pertinently, the taxing officials’ affidavit was that the landowner did not apply for current use valuation of his property for the ad valorem tax years in question. The landowner’s affidavit affirmed that he did not apply for current use valuation on his property, but claimed that it was due to the fact that the tax assessor “discouraged” him from doing so.
The trial court granted summary judgment in favor of the taxing officials and made the following findings:
“It appears to the Court and the Court finds that the Plaintiff [landowner], based on affidavits and material before the Court, did not apply for current use valuation of his property in such manner as to comply with the requirements of Section 40-7-25.-2(a), Code of Alabama 1975.”
The landowner appeals. We affirm.
The applicable statute in pertinent part is as follows:
“Any owner of eligible taxable property ... may apply to have such property assessed for purposes of ad valorem taxation at the appropriate ratio of assessed value to the current use value of such property by filing a written application, ... with the tax assessor of the county in which such property is located, on and after October 1 but not later than January 1 in any taxable year; .... ”
Ala.Code (1975), § 40-7-25.2(a) (emphasis added).
The landowner on appeal admits that he did not file the written application or request for current use valuation. Nevertheless, he contends that this court should make an exception to the filing requirement here because he claims that the tax assessor “discouraged” him from filing his request for current use valuation.
The appraisal of property for assessment purposes at its fair and reasonable market value is the “rule.” Ala.Code (1975), § 40-7-15. Whereas, the current use valuation is the exception. Ala.Code (1975), §§ 40-7-25.1 and .2. The current use valuation afforded to landowners is an advantage or benefit granted by statute, and the landowner must apply in order to receive such benefit.
The statute is clear as to the procedure by which requests for current use evaluations may be validly presented to the tax assessor. There is no ambiguity applicable in the instant appeal. In order to obtain the benefits of an evaluation based upon current use of property, the landowner must file a written application or request not later than January 1 in any taxable year. Cooper v. Board of Equalization, 392 So.2d 244 (Ala.Civ.App.1980).
In view of the above, it would appear to this court that strict compliance with Ala.Code (1975), § 40-7-25.2(a) is required. The statute is clear that a landowner must actually file a written application or request in order to obtain current use valuation. Failure to do so shall mean that the property shall be valued at its fair and reasonable market value. Further, the landowner’s contention that he should be excused from filing his request because he was allegedly “discouraged” from doing so clearly would not in the instant appeal be sufficient justification for noncompliance with the statute.
We would also note that this court could affirm the trial court in that the landowner, in his argument section in brief, cites to this court no authority. The mere insistence of error without mention of authority does not amount to an argument. Blair v. York Engineering Co., 380 So.2d 878 (Ala.Civ.App.1980). An appellant’s contentions must be supported by authority and the reasons for the contentions. Mayhall v. Swafford, 55 Ala.App. 709, 318 So.2d 736 (Ala.Civ.App.1975); Rule 28(a)(5), Alabama Rules of Appellate Procedure.
*529 In any event, this case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.