RUSSELL, Judge.
In September 1988, following a final valuation by the Jefferson County Board of Equalization and Adjustments (Board) fixing the fair market value of a tract of land located in Jefferson County at $3,813,900, C.H. Chichester, Jr. (landowner), individually and as trustee for Margaret L. Weaver, filed a notice of appeal requesting a trial de novo in the circuit court. The landowner appealed the Board’s valuation pursuant to the Expeditious and Economical Tax Appeals Act, Title 51, § 110(1), Ala.Code 1940 (Recomp.1958), and not the similar statutory provisions found in § 40-3-25, Ala. Code 1975. (Title 51, § 110(1) was a local act, and local acts were not codified in the 1975 Code; however, the act is unrepealed and still applicable.)
Alleging that the landowner lacked standing to appeal the valuation in the circuit court because the subject property was then being taxed according to its “current use” value as timberland, and not based on the Board’s fair market valuation, the Board moved for a summary judgment. The circuit court denied the Board’s motion, and the case was heard in February 1990.
Following a trial in the circuit court before a panel of three commissioners, the panel determined that the fair market value of the subject property should be fixed at $1,950,000. In accordance with the panel’s finding, the circuit court entered an order setting the property’s fair market value at $1,950,000, retroactive to October 1, 1986. Post-trial motions by the Board were denied. The Board appeals from the judgment of the circuit court. We reverse and remand with instructions.
The Board raises several issues on appeal; however, we find the dispositive issue to be whether the circuit court erred in denying the Board’s motion for summary judgment regarding the issue of the landowner’s standing to appeal the Board’s valuation. We pretermit a discussion of the other issues as unnecessary.
At the outset we note that summary judgment is proper when the court determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987).
The record shows that at all times relevant to the present appeal, the subject property, at the request of the landowner, was assessed and taxed according to its “current use” value, as provided for in §§ 40-7-25.1 to .3, Ala.Code 1975. Ordinarily, for purposes of ad valorem taxation in Alabama, property is assessed at its fair *923 and reasonable market value. See § 40-7-15, Ala.Code 1975. However, “current use” valuation is the exception. Ensminger v. White, 507 So.2d 527 (Ala.Civ.App.1987); Cooper v. Board of Equalization of Madison County, 392 So.2d 244 (Ala.Civ.App.1980). “Current use” value is “the value of eligible taxable property based on the use being made of that property on October 1 of any taxable year; provided, that no consideration shall be taken of the prospective value such property might have if it were put to some other possible use.” § 40-7-25.1(a). “Current use” values are arrived at by the use of a statutory computation, without reference to the property’s fair market value. Id. When a property has “current use” status, it is taxed based only upon its statutorily computed value. Contested “current use” values may properly be appealed under the provisions of §§ 40-7-25.1 and .2.
The Board contends that because ' the landowner’s property was being taxed according to its “current use” value, the landowner was not entitled to use the Expeditious and Economical Tax Appeals Act as a means of appealing to the circuit court the Board’s determination of the property’s non-taxable fair market value. We find that a fair reading of the statute supports this contention.
The Expeditious and Economical Tax Appeals Act is a local act that provides that a taxpayer in Jefferson County may appeal “from a decision of the board of equalization fixing the assessed value of real property, to the circuit court ... within thirty days after the final decision of the board of equalization” if the taxpayer states that he elects to take the appeal under the Act. Title 51, § 110(1)3., Ala.Code 1940 (Re-comp. 1958). Authority for such appeals is granted in Title 51, § 109, Ala.Code 1940 (Recomp.1958), which provides:
“In cases where objection has been made by any taxpayer, his agent or attorney, as provided herein to the taxable value fixed by the board of equalization, on any property assessed against such taxpayer, and such objections have been overruled by said board, such taxpayer, his agent or attorney, may take an appeal from the action of said board in overruling his objection, to such valuation, to the circuit court of the county in which the taxpayer’s property is located.”
(Emphasis added.) Significantly, the statute identifies the appealing party as a “taxpayer”; however, more significantly, the taxpayer’s objection must be to the taxable value fixed by the board of equalization. As previously noted, the landowner’s property in the present case was, at all relevant times, classified and taxed according to its “current use” value, and not according to the Board’s assessment of its fair market value.
There is further language in the Expeditious and Economical Tax Appeals Act to indicate that an appeal under its provisions contemplates an appeal of a taxable assessment. Title 51, § 110(1)2., provides for a refund or increase of tax payments “in the event the taxpayer pays his taxes before a final decree” in such an appeal. Moreover, Title 51, § 110(1)12., mandates that the clerk of the circuit court, following the final decree in the appeal, shall “furnish the tax assessor and tax collector a certified copy of the judgment entered by said court and the said tax assessor and tax collector shall forthwith enter said corrected value and ascertain the correct amount of taxes due on separate parcel or unit of property.” (Emphasis added.) This section further mandates that “[u]pon failure of the taxpayer to pay said taxes and any costs of said appeal within 30 days from the date of the rendition of said judgment the said property shall be subject to sale as other real property is subject to sale in the event said taxes are delinquent.” Clearly, these statutory provisions are intended to apply to determinations of taxes actually due and would be irrelevant to situations where, as in the present ease, the disputed assessment is not the property’s taxable value.
The landowner argues that, under § 40-7-25.3, Ala.Code 1975, should the subject property’s “current use” status change, he could be subject to taxes and penalties based on the Board’s present fair market *924 valuation of the property and that, this being the case, he has present standing to appeal the Board’s valuation to the circuit court. The Board, however, maintains that its disputed fair market valuation of the property is merely an “artificial notation” kept on its books, along with valuations of all other tracts of land in Jefferson County. It further maintains that until the subject property is converted from “current use” status, the fair market valuation presently at issue is essentially irrelevant, because at the time of conversion a new fair market valuation of the property is made. The Board’s argument is well taken.
We note initially that it is undisputed that at the time of his appeal to the circuit court, the landowner had filed no notice to terminate the “current use” status of the subject property. However, § 40-7-25.3 provides that when a property’s “current use” is converted, “the tax assessor shall thereupon appraise such property in accordance with the provisions of section 40-7-15 and section 40-7-25, as amended, and shall compute the amount of additional taxes payable with respect to such property in the manner provided in this section.” As the landowner correctly notes, this section does provide for the possible payment of additional taxes based on the property’s fair market value. However, this section also provides:
“The tax assessor shall compute the amount of ad valorem property taxes that would have been payable with respect to such converted property if the sales price or the fair and reasonable market value of such property at the time of its conversion, whichever is greater, had been used instead of the current use value of such property in computing the amount of taxes payable with respect to such property for each of the three ad valorem tax years preceding the tax year beginning on the October 1 next succeeding the conversion of such property.”
§ 40-7-25.3 (emphasis added).
Thus, the tax assessor determines the fair market value of the property “at the time of its conversion.” The argument that the only relevant (appealable) assessment is the one made at the time of conversion is further strengthened by the fact that the amount of taxes payable is actually based on the property’s fair market value or the property’s sales price, whichever is greater. Obviously, if the property is sold at the time of conversion, an earlier determined fair market valuation would be rendered irrelevant by a greater sales price.
In view of the above, we find that the landowner, under the statute chosen, could not appeal the Board’s present fair market valuation of his property. Because the Board fixed a fair market value for the landowner’s property and not a “current use” value, an appeal under the Expeditious and Economical Tax Appeals Act, which applies only to assessed taxable values, will not stand.
We further find that the circuit court erred in denying the Board’s motion for summary judgment regarding the issue of the landowner’s standing to appeal, because there existed no genuine issue of material fact and the Board was entitled to a judgment as a matter of law. This case is due to be reversed and remanded with instructions to the circuit court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.