ROBERTSON, Presiding Judge.
On February 22, 1990, Judy Griffin (employee) filed a complaint against Sikorsky Support Services, Inc. (employer), alleging, inter alia, that on March 23, 1988, the employee was injured in an accident while working for the employer. The record reflects that on June 6, 1991, the employee’s counsel withdrew as attorney of record. The trial court continued the hearing for the employee to obtain legal counsel. On November 14, 1991, after an ore tenus proceeding, the trial court found that the employee’s “post-injury earning level is greater than her average weekly wage at the time of her injury and that [the employee] has not sustained a loss of earning capacity.” The trial court further found that the employee “failed to prove ... that she has sustained a permanent physical injury which resulted in a permanent partial disability.”
The employee argues on appeal that the trial court erred in requiring her to proceed to trial without counsel and in denying her workers’ compensation benefits.
The grant or denial of a continuance is within the sound discretion of the trial court, and such a ruling will be reversed on appeal only where it is shown that the discretion was plainly and palpably abused. Blair v. York Engineering Co., 380 So.2d 878 (Ala.Civ.App.1980). In addressing whether the trial court erred in proceeding with the trial of this case on November 14, 1991, we note that the trial court’s judgment contained the following statement of facts:
“On June 5, 1991, the Honorable Joel Nomberg, attorney for [the employee], filed a motion for withdrawal as attorney of record. This court granted the motion for withdrawal on June 6, 1991. By order dated August 2, 1991, [the employee] was given until August 15, 1991, to have an attorney file an appearance on her behalf or else this action was to be dismissed. [The employer] filed motions for trial in August and September 1991. By order dated August 21, 1991, [the employee] was given until October 1, 1991, to retain an attorney and proceed with this action. By order dated September 13, 1991, this court ordered [the employee’s] claims against [the employer] set for trial on November 14, 1991. By order dated September 30, 1991, this court denied [the employee’s] letter-form motion for continuance and ordered that this action be tried, settled, or dismissed on November 14, 1991.
“On November 14, 1991, [the employee] appeared in court without counsel. This court instructed [the employee] that it intended to proceed with her claim against [the employer]. [The employee] was placed under oath, and the case was tried.”
After reviewing the record and considering the facts as stated in the judgment, we cannot find a plain and palpable abuse of discretion in the trial court’s denial of the employee’s motion for continuance.
The employee also contends that the trial court erred in deciding that she was not entitled to recover workers’ compensation benefits. As previously stated, the trial court specifically found that the employee had not sustained a loss of ability to earn and that the employee had failed to prove that she had sustained a permanent physical injury.
In reviewing workers’ compensation cases, this court must first look to see if there is any legal evidence to support the findings of the trial court. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods Inc., 575 So.2d 91 (Ala.1991).
The record reflects, and the trial court found, that the employee, at the time of trial, was 46 years old. She began working for the employer in 1985 as an aircraft monitor. This position entailed securing the area surrounding airplane-crash sites. In October 1986, the employee was moved *1379 into the position of an industrial cleaner. In this capacity, the employee performed general janitorial duties, such as mopping, sweeping, and emptying trash cans. The employee testified that on March 23, 1988, as she was emptying a trash can into a dumpster, she injured her back and right shoulder. Due to the injuries she sustained in the accident, the employee was absent from work from March 25, 1988, until April 10,1988, and the employee testified that the employer paid her $539.68 in workers’ compensation benefits during this time. The employee returned to her job as an aircraft monitor, and she testified that she was able to complete her work in a normal manner. The employee testified that she began working for Dyncorp after the accident, and that her supervisors at Dyncorp told her that she was doing an outstanding job. Further, she testified that although the injury to her right shoulder did not prevent her from performing her job with Dyncorp in a normal manner, her lower back injury did. The employee testified that in May 1989, she was making $10.57 per hour, and she currently makes $11.37 per hour as a janitor for Dyncorp.
Medical evidence was presented by deposition. Dr. Paul Maddox, an orthopedic surgeon, testified that he examined the employee, and that the employee was hysterical and overplayed the examination. He testified that he found no neurologic defects and no clear sign of nerve root impingement. Dr. Maddox, at the employer’s request, reviewed the employee’s job description as an industrial cleaner, after which he suggested that the employee could perform her duties as an industrial cleaner. He placed no restrictions on the employee.
Dwain Fletcher testified that he is employed with the employer as a comptroller. He testified that the employee’s weekly wage for the year preceding March 23, 1988, was $398.06.
This court holds that there is legal evidence to support the findings of the trial court that the employee sustained neither a permanent partial disability nor a loss of earning capacity, and that a reasonable view of that evidence supports the trial court’s judgment.
The judgment is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.